[Crim. No. 373. In Bank.—December 31, 1897.]

Ex Parte JONIE BECKNELL on Habeas Corpus.

HABEAS CORPUS—UNLAWFUL COMMITMENT OF MINOR TO WHITTIER STATE SCHOOL—CHARGE OF BURGLARY—ABSENCE OF JURY TRIAL—FAILURE TO NOTIFY PARENTS.—Where a minor was accused before the grand jury of the crime of burglary, and, upon recommendation of the grand jury, was committed by the superior court to the custody of the Whittier State School, without trial by jury, and upon evidence taken before the court, in the absence of his parents, who were not notified of the hearing, such commitment is void, and the minor must be discharged upon *habeas corpus* from the custody of the superintendent of said state school, and restored to the custody of his parents.

ID.—ACCUSATION OF CRIME—RIGHT TO JURY TRIAL—CHANGE OF GUARDIANSHIP OF MINOR—PARTIES.—A minor accused of crime cannot be committed as a criminal to the Whittier State School without a trial by jury; nor can such minor be awarded to the guardianship of such school, as against his parents, who are his natural guardians, except in a proceeding in which they are made parties, and in which it is shown that they are unfit, or unwilling, or unable to perform their parental duties.

Writ of *habeas corpus* from the Supreme Court to the Superintendent of Whittier State School, to test the validity of a commitment from the Superior Court of Merced County. J. K. Law, Judge.

The facts are stated in the opinion of the court.

Frank H. Farrar, for Petitioner.

W. F. Fitzgerald, Attorney General, and W. H. Anderson, Assistant Attorney General, for Respondent.

BEATTY, C. J.—By section 13 of the act of March 23, 1893, relating to the Whittier State School (Stats. 1893, p. 332), section 17 of the original act was amended so as to read as follows: "If any accusation of the commission of any crime shall be made against any minor, under the age of eighteen years, before any grand jury, and the charge appears to be supported by evidence sufficient to put the accused upon trial, the grand jury may, in their discretion, instead of finding an indictment against the accused, return to the superior court that it appears to them that the accused is a suitable person to be committed to the care and

guardianship of said institution.  The court may thereupon or-
der such commitment, if satisfied from the evidence that such
commitment ought to be made, which examination may be waiv-
ed by the parent or guardian of such minor."

Acting under this provision of the statute the grand jury of
Merced county made a presentment to the superior court as fol-
lows:

"To the judge of the superior court of the county of Merced,
state of California: An accusation against Jonie Becknell, a minor
under the age of eighteen years, to-wit, of the age of thirteen
years, charging the said Jonie Becknell with the crime of bur-
glary, committed in Merced county, state of California, on or
about the first day of August, 1897, and the charge appearing to
the grand jury to be supported by evidence sufficient to put
the said Jonie Becknell upon his trial therefor, and it appear-
ing to said grand jury that the accused is a suitable person to
be committed to the care and guardianship of the reform school
for juvenile offenders at Whittier, the grand jury therefore
recommend that said Jonie Becknell be committed to the care
and guardianship of said institution."

Thereupon the court directed the said Jonie Becknell to be
brought into court, and, against his special protest and objec-
tion, on the ground that the court had no jurisdiction to act in
the matter, proceeded to take testimony for the purpose of de-
termining whether said Jonie Becknell was a suitable person to
be committed to the Whittier State School.

Upon the testimony so taken, and without any other proceed-
ing or any trial by jury, the court did adjudge the said Jonie
Becknell to be a suitable person to be committed to the Whittier
State School until he should reach his majority, and made an or-
der accordingly, under which he is now held in the custody of
the superintendent of the school.  The boy is under fourteen
years of age, his father and mother are residents of Merced
county and are able and willing to provide for his support and
education.

Upon this state of facts appearing on the return to the writ
of *habeas corpus*, issued upon petition of the boy's father, we
are asked to discharge him from custody.

The petition must be granted.  As a judgment of imprison-

ment the order of the superior court is void. The boy cannot be imprisoned as a criminal without a trial by jury. As an award of guardianship it is equally void, for his parents—his natural guardians—cannot be deprived of their right to his care, custody, society, and services except by a proceeding to which they are made parties, and in which it is shown that they are unfit or unwilling or unable to perform their parental duties.

All the cases cited by counsel are consistent with, and several of them sustain, these views.

The minor is discharged from the custody of the superintendent and restored to the custody of the petitioner.

Van Fleet, J., Temple, J., McFarland, J., and Henshaw, J., concurred.