[Crim. No. 277.   Second Appellate District.—January 16, 1913.]

In the Matter of the Application of LESTER HART for a Writ of Habeas Corpus.

PARENT AND CHILD—CUSTODY OF CHILDREN'S HOME SOCIETY AND ITS APPOINTEES—IMPROPER TRANSFER BY FATHER WITHOUT MOTHER'S CONSENT—MOTHER'S ADULTERY NOT ADJUDICATED.—A father, without the consent of the mother, has no power to transfer the custody of a child to a Children's Home Society, nor authorize its adoption thereby, with power to find a home for the child as its appointees, where there was no adjudication of the mother's adultery barring her right, nor would even a subsequent adjudication of her pre-

vious adultery destroy her right. In such case, the mother has the right to be heard, and to resist any attempt to relinquish its custody to such society or to its appointees.

Id.—Rights of Parents as Natural Guardians.—Parents are the natural guardians of their children, and cannot be deprived of their right to their care, custody, society, and services, except by a proceeding in which it is shown that they are unfit or unwilling or unable to perform their parental duties.

Habeas Corpus by Parents Against Appointees of Home Finding Society—Jurisdiction of Court—Question Involved—Custody of Child.—Upon a petition for a writ of *habeas corpus* signed by both parents against the appointees of the Children's Home Society, as respondents, the court has no jurisdiction to hear evidence as to the best interests of the child, which might be considered in the superior court having jurisdiction in matters of adoption. Upon the application for such writ the only question involved is as to the right of the present custody of the child, which is in the parents petitioning for the writ, and it must be granted, since the custody of the Children's Home Society was by sufferance of the father alone and conferred no right thereupon, and since no rights were acquired by or for respondents, under section 224 of the Civil Code.

APPLICATION for Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

Frank C. Dunham, for Petitioners.

G. F. McCulloch, for Respondents.

THE COURT.—The petition for the writ is signed by the father and mother of Lester Hart, an infant, alleging their parentage and the illegal restraint by respondents of said child.

The record discloses these facts: The parents of Lester Hart separated in February, 1912, on the third day of which month the father, without the mother joining therein, executed an instrument in writing to the Children's Home Society, through which he attempted, because of his inability to properly provide for and bring up said Lester Hart, to relinquish and abandon to said society his right of custody, services, and earnings of said child, authorizing said society to place said child in a home, at its discretion, and waiving

all notice of proceedings in adopting and consenting to adoption. It further appears that before the date of such attempted relinquishment, to wit: on the first day of February, 1912, the husband instituted an action for divorce, charging his wife with adultery; that on the twenty-fifth day of April, 1912, an interlocutory decree of divorce was granted, from which no appeal has been taken; that thereafter in June. the parents became reconciled and in September resumed their marital relations; that in December following, upon their application, the interlocutory decree of divorce was vacated and the action dismissed, and on the same day the parents remarried. Custody of the child, at a date not appearing, was surrendered by the Children's Home Society to respondents, who, by the return to the writ, claim that under the facts of the case the child was an abandoned child to which the parents had relinquished all right, and that the best interests of the child demand that they be permitted to adopt the same.

In this proceeding this court is not called upon, nor, in our opinion, has it jurisdiction or authority to hear evidence with reference to the best interests of the child, a matter which might be for consideration before the superior court, which court alone has jurisdiction in matters of adoption. Upon this application the only question for consideration is as to the right of present custody. We think it clear that under the facts of this case such right of custody is in the parents. The mere relinquishment by the father without the mother joining therein could have no effect, except where there had been a prior adjudication with reference to her adultery under section 224 of the Civil Code, as amended April 12, 1911. (Stats. 1911, p. 899.) Here there had been no adjudication and at the date of the execution of the instrument the mother possessed the right to be heard and to resist any attempt to relinquish parental control of the child to the Children's Home Society. The subsequent adjudication of her previous adultery would not have the effect to destroy that right. The child, then, was in the custody of the Children's Home Society by the sufferance of the father alone, without the mother's consent, and respondents by assuming custody under authority of the Children's Home Society acquired no right as against the mother. In *Ex parte*

*Becknell,* 119 Cal. 496, [52 Pac. 692], it is said by our supreme court: "Parents are the natural guardians and cannot be deprived of their right to the care, custody, society and services except by a. proceeding to which they are made parties, and in which it is shown that they are unfit or unwilling or unable to perform their parental duties." Further, under section 224 of the Civil Code, a relinquishment, duly signed and acknowledged, must be executed by both parents, unless there has been a previous adjudication of adultery or cruelty, on account of which a divorce has been granted. It affirmatively appears that the attempt to abandon by the father had not extended to the period of a year, nor had the society for a year cared for the child and supported it, which questions might arise in proceedings for adoption, but do not arise where, as in this case, no proceedings for adoption have been instituted and the present custody of the child is alone for consideration.

The writ is granted.