[Crim. No. 1014.  First Appellate District, Division One.—December 31, 1921.]

## Ex parte FRANKLIN B. KELLEY, Jr., a Minor, on Habeas Corpus.

[1] PARENT AND CHILD — DEPRIVATION OF CUSTODY — ESSENTIALS. — Parents are the natural guardians of their children and cannot be deprived of their care and custody except by a proceeding to which they are parties, and in which it must be shown that they are unfit or unwilling or unable to perform their parental duties.

APPLICATION for a Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

Edward A. Cunha for Petitioner.

Sullivan & Sullivan and Theo. J. Roche and Albert Nelson for Respondent.

KERRIGAN, J.—The petitioner, a resident of Alameda County, is the surviving parent of Franklin B. Kelley, Jr., a minor. The following facts are disclosed by the record:

Petitioner, Franklin B. Kelley, and the mother of the said minor were lawfully married, and the said minor is the legitimate issue of said marriage.

The mother died September 15, 1914, at which time the child whose custody is here sought was about two and one-half years of age. At the date of the mother's death petitioner resided with his wife and child in San Francisco. Upon the request and solicitation of George and Cordelia McCabe, maternal grandparents of the minor, who reside at San Luis Obispo, petitioner permitted his child to abide with them from the date of the mother's death until about June 15, 1921. On September 1, 1916, the McCabes filed their joint application in the superior court of San Luis Obispo County praying for an order appointing George W. McCabe guardian of the person and estate of said minor. In this application it was alleged that the minor child was in the custody of George W. McCabe. An order of arrest was prayed for, and the transfer of the custody of the minor from George to Cordelia McCabe was asked during the pendency of the proceeding. Without any further showing such an order was made. In the application for guardianship it was not charged that the father had neglected or abandoned his child, nor that he was an unfit or incompetent person to have its care and custody. No notice of this application or the hearing thereof was ever served upon petitioner herein, nor did he ever consent to the order made or know of its existence until August 16, 1921. In July, 1921, and while said minor was residing with his father, the applicant herein, the superior court of Alameda County, upon proper application, made its judgment and order appointing said applicant guardian of the person and estate of said minor, and he thereupon duly qualified as such guardian on the same day. Thereafter, on August 15, 1921, without notice to this applicant, the superior court in and for San Luis Obispo County made an order for a writ of arrest to issue directing the sheriff of the county to arrest said minor from the custody of petitioner and deliver him into the custody of Cordelia McCabe, the maternal grandmother. On the following day such writ was executed by the sheriff, arresting said minor and removing him from the custody of petitioner to San Luis Obispo and there delivering him into the custody of Cordelia McCabe, who now detains said minor

from petitioner under authority of this order. It further appears from the record that no proceedings of any character were had upon the original application for letters of guardianship filed in the superior court of San Luis Obispo County until the making of the order of arrest of August 15, 1921.

Subsequent to the issuance of this order it appears that application was made before the superior court in Alameda County on the twenty-second day of November, 1921, by George and Cordelia McCabe to vacate and set aside the order of July 7, 1921, appointing petitioner guardian of the person and estate of said minor, and upon the hearing of this application all of the evidence here presented was reviewed upon such motion. The motion having been submitted, it was found that all the proceedings appointing petitioner guardian of the person and estate of said minor were regularly had and that said petitioner had at all times been ready, willing, and able to support said minor, and that he had never by act or conduct at any time abandoned or agreed to abandon said minor or to surrender his custody, or in any manner forfeited his parental rights, and that it was for the best interest of said minor that he remain in the custody of petitioner. It was further determined that the superior court in and for the county of San Luis Obispo had never acted on the petition filed by the McCabes in September, 1916, and that it had never appointed a guardian over the person and estate of said minor, and, further, that no notice of any kind was ever served upon petitioner herein of such proceedings, and that such proceedings had been abandoned by the McCabes.

It further found that no showing upon the merits was made why the order appointing petitioner guardian of the person and estate of his minor child should be set aside, and the motion was accordingly denied.

Under these circumstances we are of the opinion that the minor should be restored to the custody of petitioner. [1] Parents are the natural guardians of their children and cannot be deprived of their care and custody except by a proceeding to which they are parties, and in which it must be shown that they are unfit or unwilling or unable to perform their parental duties. (*Ex parte Becknell,* 119 Cal. 496 [51 Pac. 692]; *Matter of Hart,* 21 Cal. App. 30

[130 Pac. 704].)    Here no such showing was made.    The orders issued out of the proceedings initiated in the county of San Luis Obispo, and the orders of arrest had therein could have no such effect, for petitioner had no notice thereof and was not a party thereto, and, furthermore, they were abandoned, as correctly found by the judge of the superior court of Alameda County, who heard petitioner's application for letters.    This being so, petitioner is entitled to the relief here sought.

It is, therefore, ordered that the minor be discharged from the illegal detention and custody in which he is held and committed to the custody of petitioner herein.

Tyler, P. J., and Knight, J., *pro tem.,* concurred.