[No. 20937.   In Chambers. — August 3, 1892.]

IN THE MATTER OF DELLA GRACIE GATES, ON
HABEAS CORPUS.

PARENT AND CHILD — CUSTODY OF CHILD BY UNCLE AND AUNT — HABEAS
CORPUS — RIGHT OF MOTHER — CHOICE OF CHILD. — Upon the hearing
of a writ of *habeas corpus* sued out by the mother of a child to recover
its custody from its uncle, who had been appointed as its guardian by
the superior court, although it may appear that the order appointing the
guardian was void for want of jurisdiction, yet where the mother volun-
tarily relinquished the care of the child when she was scarcely a year old,
and ever since she was two years of age left her in the exclusi.e charge
and control of her uncle and aunt, the mother seeing the child but twice
in nearly nine years, and the child's material interests will be promoted
by leaving her with the uncle and aunt, with whom the child herself
chooses to remain, no coercive order will be made by the court by which
the mere legal right of the mother to the custody of the child may be
enforced against the child's manifest inclination and reasonable choice
to remain with her uncle and aunt, but the child will be left free to go
to the home of her choice.

APPLICATION to the Supreme Court to secure the cus-
tody of a child upon a writ of *habeas corpus.*   The facts
are stated in the opinion of the Chief Justice.

*F. M. Brandon,* for Petitioner.

*Clay W. Taylor,* contra.

BEATTY, C. J. — The petitioner, Margaret J. Olsen, a
resident of Santa Clar  County, is the mother of Della
Gracie Gates, aged ten. years and five months, who, the
petitioner alleges, is unlawfully restrained of her liberty
by James Eldridge, at his residence in Lassen County.
Said Eldridge admits that he has the custody of the
child, and claims that he has a right thereto by virtue
of an order of the superior court of Shasta County, ap-
pointing him her guardian.

From the facts disclosed by the petition, the return,
and the evidence adduced at the hearing, I am satisfied
that the order appointing Mr. Eldridge guardian of the
child is void for want of jurisdiction, and that the peti-
tioner is the person legally entitled to her custody.   But
in view of the special circumstances of the case, I do

not feel called upon to make any coercive order by which the mere legal right of the petitioner may be enforced against the child's manifest inclination and reasonable choice to remain where she is. The petitioner voluntarily relinquished the care of her child when she was scarcely a year old, and ever since she was two years of age has left her in the exclusive charge and control of Mr. and Mrs. Eldridge, the latter being a sister of the child's father. The natural and inevitable consequence has been that this little girl, knowing no other parents or protectors, and never seeing her mother but twice in nearly nine years, has become deeply attached to her aunt and uncle, as they have to her, and has come to look upon her mother as a stranger. Though she has not reached the years of legal discretion, she is sufficiently intelligent to be trusted in some degree to choose in a matter affecting so deeply her feelings and her interests; and having examined her privately, I am convinced that it would be nothing less than an act of extreme cruelty to tear her from the only home she has ever known, even for the purpose of placing her under the care of her own mother. Her material interests also will be promoted by leaving her where she is, and where she chooses to remain. Her mother is without means to support her, except as they may be provided by her present husband, who, however willing he may be, is under no legal obligation to support a step-child, and has but small ability to do so. Mr. and Mrs. Eldridge, on the contrary, have ample means, and have no children of their own. They live in a healthy locality in the country, where all the surroundings are favorable to the moral and physical well-being of the child, and they have the disposition and ability to provide for her nurture, education, and future comfort and security.

Under these circumstances, I consider that my duty in the premises is fulfilled by seeing that the child is freed from all illegal restraint, and leaving her free to go to the home of her choice.

Writ discharged.