[Crim. No. 422.    Second Appellate District.—October 9, 1915.]

## In the Matter of the Application of JESSE M. BELL for Writ of Habeas Corpus.

PARENT AND CHILD—AWARD OF CUSTODY OF MINOR.—While under ordinary conditions the custody of a minor will be reposed in the control of a parent, if a fit and proper person, rather than that of one not occupying the parental position, there may be peculiar circumstances presented which will authorize a court to go beyond the lines of the ordinary rule and consider as to which custody may best subserve the interests of the child itself, present and future.

ID.—CUSTODY OF CHILD BY AUNT—HABEAS CORPUS—RIGHT OF FATHER. A father of a female child of the age of eight years is not en-

titled to have her custody awarded to him upon *habeas corpus* pro-
ceedings as against a maternal aunt, who had had charge of the child
since the death of its mother when it was of the age of six years,
and who had been treated by such aunt and her husband as their
natural child and whom the child had come to regard as parents,
where the father and mother are shown to have separated when
the child was of about the age of six months and afterwards di-
vorced, and that since the divorce, which occurred six years prior
to the proceeding herein, the father had visited his child on but one
occasion.

APPLICATION originally made to the District Court of
Appeal for the Second Appellate District for a Writ of
Habeas Corpus to secure the custody of a child.

The facts are stated in the opinion of the court.

John L. Fleming, and W. S. Knott, for Petitioner.

Schweitzer & Hutton, for Respondents.

JAMES, J.—*Habeas corpus* brought by Jesse M. Bell for
the purpose of obtaining the custody of Eileen Bell, a female
child of the age of eight years and the daughter of petitioner
and his deceased wife. Petitioner and the mother of the
child were separated when the little girl was about the age
of six months, the wife complaining of the conduct of the
husband. The child and her mother thereafter for a time
lived with the parents of Mrs. Bell, and in 1909 the wife
brought an action against the petitioner to secure a decree of
divorce, alleging as ground therefor the cruel conduct of the
husband. No answer was filed in this action and a decree
followed granting the divorce and giving the custody of the
minor child to the mother. Petitioner here subsequent to
the entry of decree of divorce, and up to the date of the death
of the mother of the child, paid the sum of ten dollars per
month for the support of his offspring. The mother died
in the year 1913, the little girl then being of the age of six
years. The latter, after the death of the mother, was taken
into the charge of Mrs. Hugh I. Krause, a sister of Mrs. Bell,
and has since lived with Mrs. Krause and her husband and
has been treated as the natural child of the couple. Mr. and
Mrs. Krause have had no children of their own. It seems
by the testimony taken before the commissioner that no dis-

pute is made as to the fact that the little girl has become much attached to Mr. and Mrs. Krause and that these two people desire to have her in their household and to treat her as their own daughter. Heretofore they took proceedings for her adoption, but were not successful in securing a valid order to that effect because of the lack of consent of the father of the child. Meanwhile petitioner has married again and ever since the death of his first wife has endeavored to secure possession of his daughter. Briefly, the situation as it is presented on behalf of the petitioner and the respondents is: Petitioner admits the child is being well cared for and is attached to her aunt and the latter's husband and is altogether well situated; on his part he insists that, being the natural father of the child, he is entitled to her custody, so long as he is a fit and proper person and able to provide for her present and future welfare. It is well settled that the parent has no right of property in his or her child, but that under ordinary conditions, where such person is found to be a fit and proper person, the custody of the minor will be reposed in his or her control, rather than that of one not occupying the parental position. But there may be peculiar circumstances presented which will authorize a court to go beyond the lines of the ordinary rule and consider as to which custody may best subserve the interests of the child itself, present and future. Such a case is well illustrated by the facts disclosed in evidence here. The little girl in this case has reached the age of eight years and has never known the custody of the petitioner. She was but a small infant when her mother left her father and she passed quite naturally, after the death of her mother, into the hands of her aunt with whom she was well acquainted and much attached to. Since the divorce the father has only visited the child upon one occasion and then did not seek to caress his daughter in any way. In his testimony he admits this to be the fact, but explains his conduct by saying that he was advised by his attorney not to attempt to caress the little girl or interfere with her in any way, as it might cause trouble with the mother or her parents, with whom she was then staying. Even though full credit were given to this excuse and it should appear that it was not because of a want of affection that the father failed to treat the child on the occasion of that visit with ordinary parental consideration, the fact re-

mains that the child has been and is practically a stranger to its father. The aunt has taken the mother's place and her husband that of a father. Under these circumstances, and leaving out of view altogether the reflection of improper conduct which the divorce record has registered against the father, it would be an act of legal cruelty to require the child to leave the home of respondents and take up her abode with petitioner and his new wife, the latter being a total stranger to the little girl. The late Chief Justice Beatty made comment in the matter of *Della Gracie Gates, on Habeas Corpus*, 95 Cal. 461, [30 Pac. 596], which, because of the similarity of the facts in that case with those here considered, is most pertinent; he said: "In view of the special circumstances of the case, I do not feel called upon to make any coercive order by which the mere legal right of the petitioner may be enforced against the child's manifest inclination and reasonable choice to remain where she is. The petitioner voluntarily relinquished the care of her child when she was scarcely a year old, and ever since she was two years of age has left her in the exclusive charge and control of Mr. and Mrs. Eldridge, the latter being a sister of the child's father. The natural and inevitable consequence has been that this little girl, knowing no other parents or protectors, and never seeing her mother but twice in nearly nine years, has become deeply attached to her aunt and uncle, as they have to her, and has come to look upon her mother as a stranger. . . . Her material interests will be promoted by leaving her where she is, and where she chooses to remain." So here, there can be no doubt at all, judging from the whole circumstances of this case, that the best interests of this minor will be subserved by not subjecting her to the shock of an order which will wrest her custody from the persons whom she has come to regard as parents and place her in the hands of those who are practically strangers to her.

The prayer of the petition is denied and the writ discharged.

Conrey, P. J., and Shaw, J., concurred.