[Crim. No. 1997.  In Bank.—September 17, 1917.]

In the Matter of the Application of ANNIE MATHEWS,
on Behalf of Gerald Mathews (a Minor), for a Writ of
Habeas Corpus.

PARENT AND CHILD—CUSTODY OF MINOR—MOTHER'S RIGHT.—The fact
that the affections of a minor child have become fixed on those having
his custody, so that he has come to regard them as his parents and
his mother as a stranger, does not justify a court in depriving the
mother of its custody, unless she has abandoned the child or is found
incompetent to perform the duties of guardianship.

ID.—STATUTORY RIGHT OF PARENT.—In the absence of any guardian-
ship, if the mother be the only person making any claim, she is
entitled to the custody of the child under section 197 of the Civil
Code.

ID.—HABEAS CORPUS—REMEDY TO RECOVER CUSTODY.—After a court
has decided the right of the mother to the guardianship of her child,
she is entitled to the writ of *habeas corpus* to recover its custody.

HABEAS CORPUS to determine right to Custody of
Minor.

The facts are stated in the opinion of the court.

James L. Nagle, Olin L. Berry, and Chas. M. Shortridge, for
Petitioner.

W. B. Rinehart, for Respondents.

SLOSS, J.—This is a writ of *habeas corpus* to determine
the right to the custody of the person of Gerald Mathews, the
minor son of Annie Mathews, the petitioner for the writ.
The boy is now in the custody of Warren A. Rouse and Carrie
E. Rouse, his wife, and has been living with them during
nearly the whole of his life.  The contest over his custody has
twice been before this court in another form.

Some years ago Warren A. Rouse filed an application in the
superior court of Alameda County praying to be appointed
guardian of the person and estate of said minor.  The mother,
Annie Mathews, opposed this application, and the court, after
a hearing, made its order appointing Rouse guardian.  Upon
the mother's appeal, this court held that the parent, unless

found incompetent, was entitled to the guardianship of her child, and that the evidence was not sufficient to support the finding that Mrs. Mathews was incompetent. The order of appointment was accordingly reversed. (*Guardianship of Mathews*, 169 Cal. 26, [145 Pac. 503].)

The matter went back for a second trial, which resulted in an order denying the application of Mr. Rouse for letters of guardianship. From this order Rouse appealed. While matters were in this condition, the mother, Annie Mathews, filed her petition for the issuance of the present writ. Upon the return, the court concluded that a decision in the *habeas corpus* proceeding should not be made pending the final determination of the guardianship contest, and the matter was accordingly postponed to await such determination. On March 22, 1917, this court affirmed the order of the superior court denying letters of guardianship to Rouse. (*Guardianship of Mathews*, 174 Cal. 679, [164 Pac. 8].)

Thereupon the *habeas corpus* proceeding was restored to the calendar. At the hearing no new evidence was introduced, the case being submitted upon the record presented on the two appeals in the guardianship matter.

Under the views declared by this court in the two appeals to which we have referred, we think it must now be held that the mother of the child is entitled to its custody, and that her right should be enforced in this proceeding. Upon the second trial, the superior court, after finding that the mother was not incompetent to discharge the duties of guardianship, declared "that the best interest of said minor child in respect to its temporal, mental, and moral welfare is that said child remain in the custody of the petitioner [Rouse]." It found, further, that the affections of the child had become "fixed to the extent that said minor child has come to regard the petitioner and said Carrie E. Rouse as his parents and that said Annie Mathews, the respondent, to that extent is practically a stranger to him." But, as was distinctly held on the second appeal, these considerations do not, under our law, justify a court in depriving a parent of the custody of the child, unless such parent has abandoned the child, or is found incompetent to perform the duties of guardianship. There is no need to repeat what was said in our former decisions. They determined definitely that, under the facts here disclosed, Warren A. Rouse was not entitled to letters of guardianship. They

carried with them the further conclusion that, if there had been any occasion for the mother to apply for letters of guardianship, she would have been entitled to the issuance of such letters. In the absence of any guardianship, she, as the only parent making any claim, is entitled to the custody of the child. (Civ. Code, sec. 197.)

But the respondent, Rouse, takes the position that the court should not, on *habeas corpus,* enforce the "mere legal right" of the mother, as against the material advantage and the personal preference of the minor. The late Chief Justice Beatty took this position in denying a similar application, saying that he considered his duty to be fulfilled "by seeing that the child is freed from all illegal restraint, and leaving her free to go to the home of her choice." (*In re Gates,* 95 Cal. 461, [30 Pac. 596].) A like ruling has been made by the district court of appeal for the second appellate district. (*In re Bell,* 28 Cal. App. 547, [153 Pac. 240].)

If it be sound doctrine that a court or judge may, on *habeas corpus,* disregard an established legal right which would control the judgment in any other form of proceeding, we are nevertheless satisfied that the rule can have no just application here. The mother and Mr. Rouse have for years been conducting a litigation whose sole purpose was to adjudicate which of them was entitled to have the custody of the child. The present writ, issued while that litigation was pending, was held in abeyance until the pending proceeding was concluded. Evidently this court felt that the right of custody should be decided in the guardianship proceeding. It has there been decided in favor of the mother. She has obtained a final adjudication that she is entitled to the custody of the child, and this writ affords the only remedy which she has for enforcing her right. After this court has, in effect, remitted her to the prosecution of the guardianship proceeding, and she has prosecuted that proceeding to a successful conclusion, there can be no justification for denying her the substantial benefit of the right which she has thus established. If we felt at liberty to award the child to one or the other of the contending parties, strong reason could, no doubt, be urged for leaving the custody where it has been for so long a time. But, as was pointed out by this court in deciding the second appeal in the guardianship matter, the mother is entitled to the custody of the child unless, by abandonment, or in some other

way specified in the code, she has forfeited that right. Such is the policy of our statutory law, and we are not authorized to alter that policy or to go counter to it. The natural right and feelings of the mother must be regarded as superior to the feelings of those who have become attached to the child, or the desire of the child himself.

It is ordered that the minor be delivered into the custody of the petitioner.

Melvin, J., Henshaw, J., Lorigan, J., Shaw, J., and Victor E. Shaw, J., *pro tem.,* concurred.

Rehearing denied.

Angellotti, C. J., dissented from the order denying a rehearing.