ROJAS, PETITIONER AND APPELLEE, v. COLÓN, CONTESTANT AND APPELLANT.

APPEAL from the District Court of San Juan in a Habeas Corpus Proceeding.

No. 2080.—Decided November 21, 1919.

PATRIA POTESTAS—RIGHTS AND DUTIES OF PARENTS.—The *patria potestas* imposed by nature and acknowledged and regulated by our laws creates certain rights and duties, one of the former being that the father or the mother, as the case may be, may have the custody of the children. This right is recognized in subdivision 1 of section 223 of the Civil Code, which makes it a duty derived from the *patria potestas*, and that duty could not be fulfilled if it could not be claimed as a right; therefore, it being a right, the father or the mother, as the case may be, cannot be deprived of it except in such cases as are determined by law.

ID.—ID.—The fact that the father has failed for some length of time to take care of his minor daughter under his *patria potestas* does not signify that he must not take care of her in the future, nor is such failure one of the reasons given in section 236 as the only reason for which the father may be deprived of the company of his children.

ID.—WELFARE OF CHILD.—Although the welfare of the child should be taken into consideration by the courts, they should also remember that the law was enacted with that purpose in view.

The facts are stated in the opinion.

*Mr. Luis Muñoz Morales* for the appellee.

*Mr. Celestino Iriarte, Jr.,* for the appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

Teresa Rojas presented in the District Court of San Juan, Section 1, a petition for a writ of habeas corpus, alleging that she was the natural mother of the girl named Margarita who until the day before had been under her care and protection, and that, according to information which she believes to be true, Francisco Colón Martínez, the natural father of the said child, had acknowledged her in a notarial instrument and intended to register her in the civil registry as his acknowledged daughter. She also alleged that the father had taken the girl away and was retaining her against the will of the petitioner; that she has sufficient means to support the child, and that, considering the age of the girl and the fact that her natural father was living in concubinage and intended to leave for the Dominican Republic, the health and education of the girl would be exposed to peril if she should continue to be deprived of the care and attentions of her mother, for which reasons she prayed the court to deliver the girl to her.

In his answer the defendant admitted the first two allegations regarding the parentage of the said girl and denied all of the other allegations. No evidence was offered as to the parentage of the girl, but in her testimony at the trial the petitioner was allowed to say that she had had that child by the defendant.

The evidence discloses that the defendant now has the girl in his custody; that some months prior to the presentation of the petition for a writ of habeas corpus he married another woman; that the girl was born on October 10, 1917, and is registered under the name of Consuelo, and that the defendant has not supported the child since he terminated his relations with its mother about a year and a half ago.

The judgment of the lower court was that the girl should be returned to the care and custody of her mother and this appeal was taken by the defendant from that judgment.

The fundamental question between the parties is whether the girl should be in the custody of the father or of the

mother and this question is clearly answered by our laws
and by our jurisprudence. The Civil Code, as amended in this
particular in the year 1907, provides that the *patria potestas*
over the illegitimate children acknowledged by the father and
the mother belongs in the first place to the father, and in
case of his absence, legal incapacity or death, to the mother.
Section 235 provides that *patria potestas* shall be suspended
through incapacity or absence of the father or mother, in
proper cases, under judicial decree, and also by reason of
civil interdiction; and, according to section 236, the courts
may deprive parents of the *patria potestas* or suspend the
exercise thereof, if they treat their children with excessive
harshness, or give them commands, advice or examples of a
corruptive nature.

The *patria potestas* imposed by nature and recognized
and regulated by our laws creates rights and duties, one of
the former being that the father or the mother, as the case
may be, may have the custody of the children. This right
is recognized in subdivision 1 of section 223 of the Civil
Code, which makes it a duty derived from the *patria potes-
tas,* and that duty could not be fulfilled if it could not be
claimed as a right; therefore, it being a right, the father
or the mother, as the case may be, cannot be deprived of it
except in such cases as are determined by law.

Although this case is not included among the cases speci-
fied in section 236, for the father is not charged with ex-
cessive harshness, or with having given commands, advice
or examples of a corruptive nature to the girl Margarita,
nevertheless the lower court ordered that the girl should not
be in his custody, but in that of the mother, on the ground
that the welfare of the child demands it.

The fact that the father did not support his daughter
for some length of time does not signify that he will not sup-
port her in the future, as is shown by his having her now
under his care and protection, and such failure to support
her is not one of the reasons given in section 236 as the only

reasons for which the father may be deprived of the custody of his children, as we held in *LeHardy* v. *Acosta,* 18 P. R. R. 438, and *Arbona* v. *Torres,* 24 P. R. R. 423. Also in the former case, which is applicable here, we said: "It is true that the well-being of the children should be carefully guarded by the courts; but they should remember that the law has been enacted also with this end in view. 21 Cyc., 331, 332 and 333; *In re Gates,* 95 Cal., 461. And while the courts are in the line of duty in exercising the utmost vigilance in protecting children in all their rights and from suffering any injury whatever, yet this care should be exerted here in the manner pointed out by our code; and it is the duty of the courts, in this as in all other cases, to track the law. As the trial court, with the very best intentions no doubt, has failed to observe the requirements of the statutes in rendering the judgment appealed from, we must not allow the decision thus made to stand. The father should have the absolute control and custody of his minor children, unless some excellent legal reason to the contrary is alleged and proved."

For the foregoing reasons the judgment appealed from should be reversed and the petition for a writ of habeas corpus denied.

*Reversed.*

Mr. Justice del Toro concurred.

Mr. Chief Justice Hernández dissented.

Justices Wolf and Hutchison took no part in the decision of this case.

DISSENTING OPINION OF MR. CHIEF JUSTICE HERNÁNDEZ.

The only fundamental question to be considered in this appeal is whether the girl Margarita, born on October 10, 1917, should be in the custody of her natural father, Francisco Colón, or in the custody of her natural mother, Teresa Rojas, who demands her delivery by means of a writ of habeas corpus.

It is true that, according to section 222 of the Civil Code as amended, the *patria potestas* over the said child belongs to the father and none of the legal reasons stated in section 236 of that code for depriving him of the *patria potestas* or suspending him in the exercise thereof were shown. Nevertheless, I am of the opinion that it is not an essential requisite for the exercise of the *patria potestas* that the child should live with the father, for if that were the case a child acknowledged at birth by its natural father, who was not living with the mother, should be delivered to the father and would thus be deprived of the care of its mother, including lactation, which would be an inhuman act contrary to the principle that the *patria potestas* is not a benefit for the father or for the mother, but for the child which needs it.

Section 223 of the Civil Code in recognizing the rights of the father and the mother with respect to their unemancipated children, does not confer these rights exclusively on the father, as was expressly done by section 155 of the Spanish Civil Code. The duty of supporting the children rests not only on the father but also on the mother.

I here ratify the doctrine stated in the dissenting opinion which, together with my illustrious colleague, Mr. Justice Hutchison, I delivered in *Arbona* v. *Torres,* 24 P. R. R. 428–434, corroborated by the opinions of the commentators Manresa and Scaevola, respecting the girl Rosa, born in the year 1912, whose custody was claimed by the father from her natural mother. In this case, as I have before pointed out, the girl Margarita was born in the year 1917 and needs the care of her mother more than Rosa did.

The judgment of the court below should have been affirmed, ordering that the girl Margarita remain in the custody and under the care of her mother, Teresa Rojas.