ROJAS, PETICIONARIA Y APELADA, *v.* COLÓN, OPOSITOR Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en recurso de *habeas corpus.*

No. 2060.—Resuelto en noviembre 21, 1919.

PATRIA POTESTAD—DERECHOS Y DEBERES DE LOS PADRES.—La patria potestad impuesta por la naturaleza y reconocida y regulada por nuestras leyes crea derechos y deberes, siendo uno de aquellos el de que el padre, o, en su caso, la madre tengan a sus hijos en su compañía, derecho que está reconocido en la ley al disponer ésta en el número 1°. del artículo 223 del código citado, como uno de los efectos de la patria potestad, que tienen ese deber, el cual no podrían cumplir si no tuvieran el derecho de reclamarlo. Siendo, pues, un derecho, no puede privarse de él al padre, o en su caso a la madre, sino en los casos previstos y determinados por la ley.

ID.—ID.—Aparte de que el hecho de que el padre con patria potestad no atendiera a su hija menor por algún tiempo no lleva consigo el que no ha de atenderla y cuidarla en lo sucesivo, tal hecho no figura entre los mencionados en el artículo 236, únicos casos en los cuales puede privarse al padre de la compañía de sus hijos.

BIENESTAR DEL HIJO.—Si bien es cierto que el bienestar del hijo debe ser tenido en consideración por las cortes, también éstas deben recordar que la ley ha sido decretada teniendo en cuenta este fin.

Los hechos están expresados en la opinión.

Abogado de la peticionaria y apelada: *Sr. Luis Muñoz Morales.*

Abogado del opositor y apelante: *Sr. Celestino Iriarte, Jr.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Teresa Rojas presentó a la Corte de Distrito de San Juan, Sección Primera, solicitud de *habeas corpus* alegando ser madre natural de la niña Margarita que hasta el día anterior había tenido bajo su cuidado y amparo y que según información que cree cierta, Francisco Colón Martínez, padre también natural de dicha niña, la reconoció por acta notarial y se propone inscribirla como hija suya reconocida en el registro civil. Alegó también que el padre se había llevado y tenía a la niña contra la voluntad de la peticionaria, que ella cuenta con recursos suficientes para atenderla, y que dada la edad de la niña y que su padre natural vive en concubinato e intenta ausentarse para la República Dominicana, la salud y la educación de la niña estarían expuestas a ser lesionadas si permaneciera privada de los cuidados y atenciones de la madre, por lo que pidió a la corte que se la entregara.

Aceptó el demandado en su contestación las dos primeras alegaciones referentes a quiénes son los padres de dicha niña, extremos sobre los que no se practicó prueba, aunque declarando la peticionaria en el juicio manifestó que había tenido esa hija con el demandado, y negó éste todas las demás alegaciones.

De la prueba resultó que el demandado tiene ahora la niña en su poder, que desde algunos meses antes de la petición de *habeas corpus* está casado con otra mujer, que la niña nació en 10 de octubre de 1917, está inscrita con el nombre de Consuelo y que desde hacía año y medio, en que ter-

minó las relaciones con la madre de la niña, no atendió al cuidado de ésta.

La sentencia que dictó la corte inferior, disponiendo que la niña quede en la compañía y bajo el cuidado de la madre, fué apelada por el demandado por medio del presente recurso.

La única cuestión fundamental entre las partes es la de si la niña debe estar en la compañía del padre o de la madre, materia que se halla claramente establecida en nuestras leyes y en nuestra jurisprudencia, pues el Código Civil, según fué enmendado en este particular en el año 1917, dispone que la patria potestad de los hijos ilegítimos reconocidos por el padre y por la madre corresponde, en primer término al padre, y en ausencia, impedimento legal o muerte de éste, a la madre: el 235, que la patria potestad se suspende por incapacidad o ausencia del padre, o, en su caso, de la madre, declaradas judicialmente, y también por la interdicción civil; y según el 236, los tribunales podrán privar a los padres de la patria potestad o suspenderlos en su ejercicio, si trataren a los hijos con dureza excesiva o si les dieren órdenes, consejos o ejemplos corruptores.

La patria potestad impuesta por la naturaleza y reconocida y regulada por nuestras leyes crea derechos y deberes, siendo uno de aquéllos el de que el padre, o, en su caso, la madre, tengan a sus hijos en su compañía, derecho que está reconocido en la ley al disponer ésta en el número 1°. del artículo 223 del código citado, como uno de los efectos de la patria potestad, que tienen ese deber, el cual no podrían cumplir si no tuvieran el derecho de reclamarlo. Siendo, pues, un derecho no puede privarse de él al padre, o en su caso a la madre sino en los casos previstos y determinados por la ley.

A pesar de que el caso presente no se halla comprendido en ninguno de los determinados en el artículo 236 citado, pues no se imputa al padre dureza excesiva, ni órdenes, consejos o ejemplos corruptores para con la niña Margarita, sin em-

bargo, la corte inferior ordena que la niña no esté en su compañía sino en la de la madre, fundándose en que esa es la conveniencia para la niña.

Aparte de que el hecho de que el padre no atendiera a su hija por algún tiempo no lleva consigo el que no ha de atenderla y cuidarla en lo sucesivo, como lo demuestra el que ahora la tiene bajo su cuidado y protección, tal hecho no figura entre los mencionados en el artículo 236, únicos en los cuales puede privarse al padre de la compañía de sus hijos, según hemos declarado en los casos de *LeHardy* v. *Acosta*, 18 D. P. R. 458, y de *Arbona* v. *Torres*, 24 D. P. R. 452, habiendo dicho, además, en el primero de ellos, lo siguiente, que tiene aplicación al presente caso: "es cierto que el bienestar de los hijos debe ser tenido en consideración por las cortes, pero éstas deben recordar que también la ley ha sido decretada teniendo en cuenta este fin. (21 Cyc. 331, 332 y 333: *In re Gates*, 95 Cal. 461. Y aunque las cortes tienen el deber de ejercitar el mayor cuidado en la protección de los niños en todos sus derechos e impedir que se les ocasione ningún perjuicio, sin embargo, este cuidado debe ejercitarse en el presente caso en la forma indicada por nuestro código, y es el deber de las cortes, tanto en éste como en los demás casos, observar la ley. Como la corte sentenciadora sin duda con las mejores intenciones no tomó en consideración los requisitos exigidos por los estatutos al dictar la sentencia apelada, no debemos permitir que subsista la sentencia así dictada. El padre debe tener el dominio absoluto y custodia de sus menores hijos, a menos que se alegue y pruebe alguna poderosa razón legal en contrario."

Por las razones expuestas la sentencia apelada debe ser revocada y declararse sin lugar la petición de *habeas corpus*.

*Revocada la sentencia apelada.*

Juez concurrente: Asociado Sr. del Toro.

El Juez Presidente Sr. Hernández disintió.

Los Jueces Asociados Sres. Wolf y Hutchison no intervinieron en la resolución de este caso.

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ PRESIDENTE SEÑOR HERNÁNDEZ.

La única cuestión fundamental a discutir en el presente recurso es la de si la niña Margarita, nacida en 10 de octubre de 1917 debe estar en compañía de su padre natural Francisco Colón o de su madre también natural Teresa Rojas, que reclama su entrega mediante *habeas corpus*.

Ciertamente que con arreglo al artículo 222 enmendado del Código Civil vigente, al padre corresponde la patria potestad sobre la referida niña y no concurre motivo legal alguno de los que expresa el artículo 236 del mismo código para que se le prive de la patria potestad o se le suspenda el ejercicio de ella. Sin embargo, opino que no es requisito esencial para el ejercicio de la patria potestad que la niña viva en compañía del padre, pues si así fuera el hijo que al nacer fuera reconocido por su padre natural, sin vivir éste con la madre, debería ser entregado a aquel, privándolo así de los cuidados de su madre, la lactancia inclusive, el cual sería un acto inhumano en contradición con el principio de que la patria potestad no es un beneficio para el padre o para la madre, sino para el niño que de ella necesita.

El artículo 223 del Código Civil al reconocer derechos al padre y a la madre respecto de sus hijos no emancipados, no otorga esos derechos exclusivamente al padre como lo hacía expresamente el artículo 155 del Código Civil Español. El deber de alimentar a los hijos incumbe tanto al padre como a la madre.

Reproduzco la doctrina ya consignada en la opinión disidente que con mi ilustrado compañero el Juez Sr. Hutchison emití en el caso de *Arbona* v. *Torres*, 24 D. P. R. 456 a 462, corroborada por la opinión de los tratadistas Manresa y Scaevola, en cuanto a la niña Rosa nacida en el año de 1912, cuya entrega reclamaba el padre a su madre natural. En

el presente caso, como hemos indicado antes, la niña Margarita nació en el año de 1917 y necesita más que la Rosa de los cuidados de su madre.

Es de confirmarse la sentencia apelada de la corte inferior, ordenando que la niña Margarita quede en la compañía y bajo el cuidado de su madre Teresa Rojas.