[Civ. No. 8717. Second Appellate District, Division Two.—January 24, 1933.]

RAYMOND A. DERRER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Esli L. Sutton for Petitioner.

Karl W. Marks for Respondents.

WORKS, P. J.—Raymond A. Derrer and Walter A. Stratton were before respondent court in a contest, upon rival petitions, for a determination of the question as to which of the two should be appointed general guardian of a certain minor. The appointment was awarded to Stratton and Derrer appealed from the order making the award. Stratton then sued out a writ of *habeas corpus* in respondent court for the purpose of obtaining custody of the person of the minor, the custody for a long time theretofore having been in Derrer. The latter thereupon applied to this court for a writ of prohibition restraining respondent court from

determining the *habeas corpus* proceeding and an alternative writ issued.

The writ of prohibition is available only for the purpose of halting the attempted exercise of jurisdiction not possessed by a respondent who is sought to be restrained by it (Code Civ. Proc., sec. 1102; 21 Cal. Jur. 579), and we think a question of jurisdiction is not presented here. Petitioner relies upon *In re Ballas,* 53 Cal. App. 109 [199 Pac. 816]; *In re Green,* 67 Cal. App. 504 [226 Pac. 76]; *In re Mathews,* 176 Cal. 156 [167 Pac. 873, 874]. The first of these cases is of no assistance to us. The effect of the other two is fairly shown by a reference to *In re Mathews.* In that case an appeal was pending, as here, in a guardianship proceeding. During its pendency a writ of *habeas corpus* was issued by the Supreme Court, requiring the production of the person of the minor who was the subject of controversy in the guardianship matter. The court said: "Upon the return, the court concluded that a decision in the *habeas corpus* proceeding should not be made pending the final determination of the guardianship contest, and the matter was accordingly postponed to await such determination." Later, the court decided the pending appeal and "thereupon the *habeas corpus* proceeding was restored to the calendar". The court did not rule that it had no jurisdiction of the *habeas corpus* matter, but merely postponed a decision of it. In truth, the attitude of the court is only explicable upon the theory that it did possess the jurisdiction, for if it had not possessed it action on the matter would not have been postponed and it would not later have been restored to the calendar. If the jurisdiction had not existed the proceeding would have been dismissed or the writ would have been discharged as having been improvidently issued. The postponement was ordered for the reason that a decision on the appeal would have settled the point involved in the *habeas corpus* proceeding, for quite naturally the general guardian of the person of a minor is entitled to the custody of his person (Probate Code, sec 1500; 13 Cal. Jur. 171). Further, the postponement was ordered for practically the same reason that often impels this court to strike a cause from its calendar because a question presented by it is known to be before the Supreme Court for decision in some other cause or proceeding. The

stricken cause is restored to the calendar after the point has been passed upon by the higher tribunal and it is then decided.

If a *habeas corpus* matter may ever be halted by any other proceeding, which is very much to be doubted because of the beneficent nature of the writ, no such rule can be applied in the present instance. It was only long after *Matter of Zany,* 164 Cal. 724 [130 Pac. 710], was decided that even a right of appeal was provided for in *habeas corpus* proceedings. See section 1506 of the Penal Code, enacted in 1927.

The alternative writ of prohibition is vacated and a peremptory writ is denied.

Craig, J., concurred.