[Crim. No. 2415.   Second Appellate District, Division One.—August 17, 1933.]

In the Matter of the Application of ELAINE STRATTON for a Writ of Habeas Corpus.

Karl W. Marks for Petitioner.

Esli L. Sutton for Respondents.

DESMOND, J., *pro tem.*—Walter A. Stratton, petitioner here for a writ of *habeas corpus*, father of the minor Elaine Stratton, whose custody is at issue, is a resident of Seattle, Washington.   On August 17, 1932, he was appointed by the Superior Court of Los Angeles County guardian of the person of his daughter, now in her fourteenth year.   This child has been in the personal care and custody of the respondents, Mr. and Mrs. R. A. Derrer, residents of San Pedro, from the time she was approximately four years of age.   Shortly after his appointment as guardian her father, in a *habeas corpus* proceeding filed in the Superior Court of Los Angeles County, sought to obtain custody of the child, intending to remove her to Seattle, his petition for guardian-

ship having contained an averment of such purpose on his part. Respondents contested the application for the writ with the result that after several hearings the petition was denied. █ It appears from the petition before us that respondents have appealed to the Supreme Court from the order appointing this petitioner guardian of his child, but petitioner, in support of his application, argues that an appeal to the Supreme Court from an order granting letters of guardianship of a minor does not stay any of the rights, duties or powers of the guardian pending such appeal, calling attention to section 1631 of the Probate Code which, allowing for certain exceptions, stays the power of a guardian of an insane or incompetent person and does not by its terms stay the power of a guardian appointed for a minor. From this counsel infers that no stay exists pending an appeal in the case of a minor's guardianship. We are of the opinion, however, that the rule stated in 2 California Jurisprudence, page 435, that "an appeal without stay bond operates as a *supersedeas* of an order appointing a guardian" applies generally to all guardians, and that the guardian of an insane or incompetent person is mentioned in section 1631 of the Probate Code merely because under exceptional conditions therein mentioned it is provided that certain powers exercised under the direction of the court during pendency of the appeal shall be held valid. This provision was incorporated originally in section 1765 of the Code of Civil Procedure by an amendment adopted in 1921, very likely to meet a situation such as Justice McFarland commented upon in *Matter of Moss,* 120 Cal. 695 [53 Pac. 357], a case involving an appeal by an alleged incompetent from an order appointing a guardian for him: "Some difficulties are suggested by a consideration of the proposition that the appeal stays the execution of the order, and that, if the appellant be really incompetent, his property might be dissipated by designing persons during the pendency of the appeal. There is some force in this suggestion, and apprehended embarrassments might be remedied perhaps by some amendment to the code." In the case of a minor's guardianship there seems to be no reason for such an exception to a complete stay as has been made in the case of an alleged incompetent.

While the lower court presumably might have postponed its decision on the prior petition for a writ of *habeas corpus*

pending a decision on the appeal, as was done in the *Matter of the Application of Mathews,* 176 Cal. 156 [167 Pac. 873], no such action was taken; in fact, a writ of prohibition to prevent consideration of the petition by the lower court, sought by the respondents there, who are also respondents here, was denied. (*Derrer* v. *Superior Court,* 129 Cal. App. 154 [18 Pac. (2d) 371].) The learned judge of the superior court clearly indicated by his remarks at the time he announced his decision to discharge the writ, that his action was based upon what he considered on the evidence before him was for the best interests of the child. ▮▮▮ So far as we know there has been no change in conditions since this denial of the first application, and under such circumstances we feel that we are bound to observe the finality of that proceeding. As suggested in the *Application of Gille,* 65 Cal. App. 617, 620 [224 Pac. 784, 785], "an adjudication in a *habeas corpus* proceeding involving the right to the custody of a minor is *res judicata* and binding upon the parties . . . so long as the facts are the same, and the conditions affecting the child's welfare or the parents' rights exist as they were when the hearing was had and the former order was made". (See, also, *In re Holt,* 34 Cal. App. 290 [167 Pac. 184]; *In re Frazier,* 50 Cal. App. 45 [194 Pac. 510]; *In re Gury,* 103 Cal. App. 738 [284 Pac. 944].)

The writ is discharged and the minor remanded to the custody of respondents.

Conrey, P. J., and York, J., concurred.