[Civ. No. 20879.   Second Dist., Div. Three.   Feb. 23, 1955.]

LULA P. STOGSDILL, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MARIAN ARNOLD, Real Party in Interest.

James B. Ogg, Hooper, Miller & Astor and Z. Harry Astor for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel for Respondent.

Krag & Sweet and Donald O. Krag for Real Party in Interest.

WOOD (Parker), J.—Petition for writ of prohibition. On July 27, 1954, the Superior Court of Los Angeles County appointed Lula P. Stogsdill guardian of the person and estate of Rebecca Rae Levy, a minor. Lula P. Stogsdill is a great-aunt of the minor. On November 17, 1954, Marian Arnold, maternal aunt of the minor, filed a petition for appointment of herself as guardian of the person and estate of the minor. On November 26, 1954, Marian Arnold filed a notice of motion to vacate the order wherein Lula P. Stogsdill had been appointed guardian, upon the grounds (1) the appointment was obtained without notice to another maternal aunt, (2) there were misrepresentations in the petition for appointment, and (3) Marian Arnold was induced not to seek guardianship of the minor by reason of misrepresentations made by the guardian.

The hearing upon said petition of Marian Arnold for appointment as guardian, and upon the motion to vacate the order appointing Lula P. Stogsdill as guardian, came before Judge Emme on January 12, 1955. The hearing proceeded on that day and thereafter until January 18, when the cause was submitted. On January 14, the court set aside the appointment of the guardian (Lula) ''for the purpose of hearing the Petitions for appointment of Guardians [being the petition of Marian, and the petition of Lula under which she had previously been appointed].'' During the hearing, January 17, William S. Stogsdill, (son of Lula) filed a petition for appointment of himself as guardian of the person and estate of the minor.

On January 19, the petitions of Lula P. Stogsdill and William S. Stogsdill were denied, and the petition of Marian Arnold was granted. Letters of guardianship were issued to her on January 19.

On January 20, the court amended its order of January 19, *nunc pro tunc*, by adding thereto an order that Lula P. Stogsdill, William S. Stogsdill and Marlou Stogsdill (wife of William) are ordered and directed to deliver the minor forthwith to the newly appointed guardian Marian Arnold, who is permitted to remove said child from the State of California; and Donald O. Krag, counsel for Marian Arnold, is ordered to prepare findings.

On January 20, Lula P. Stogsdill, as guardian, filed a notice of appeal which stated that she appealed to the Supreme Court from the order of January 19 revoking her letters of guardianship and appointing Marian Arnold guardian and

ordering that the custody of the minor be given to Marian Arnold.

On January 24, Marian Arnold filed an application for a writ of habeas corpus in the superior court, which recited that she was a resident of Baltimore, Maryland; she made application on behalf of the minor, who is 3 years of age; she was appointed guardian of the minor by said court on January 19, 1955; during the hearing of her petition and the petitions of Lula and William for appointment as guardian, the court, pursuant to stipulation, ordered that the minor remain with William and Marlou Stogsdill pending the determination of the three petitions; William and Marlou reside in Arcadia, California; on January 19, 1955, after the court had made its order appointing Marian Arnold guardian, she advised William S. Stogsdill that she and her husband (Carl Arnold) would come to William Stogsdill's home in Arcadia about 3:30 p. m. of that day to receive the minor child; Lula P. Stogsdill was served on January 20 with a copy of the *nunc pro tunc* minute order but she refused to deliver the custody of the minor to Marian Arnold; since said conversation with William S. Stogsdill on January 19, the minor has been held and detained by William S., Marlou, and Lula P. Stogsdill; said minor is held in custody and deprived of her liberty by said persons illegally and over the objections of Marian Arnold, the guardian of said minor.

On January 24, Judge Emme made an order that a writ of habeas corpus be issued, commanding William S., Marlou, and Lula P. Stogsdill to have the minor before said judge on January 26, at 1 p. m. Such a writ of habeas corpus was issued on said January 24.

On January 26, 1955, Lula P. Stogsdill filed in the District Court of Appeal her petition for a writ of prohibition wherein she stated that she was removed as guardian of said minor about January 17, 1955; Marian Arnold was appointed guardian of said minor about January 19; the attorney for petitioner (Lula) called to the attention of the trial court that an order appointing a guardian after an issue of fact had been tried could not be made until findings of fact and conclusions of law had been made by the court; after such discussion she received a card, signed by the county clerk, which stated that the order made on January 19 was amended *nunc pro tunc* as follows: "Lula P. Stogsdill, Wm. S. Stogsdill and Marlou Stogsdill are ordered to deliver the child forthwith to the newly appointed guardian, Marian Arnold.

Donald O. Krag is ordered to prepare findings.''; findings of fact and conclusions of law have not been made; a writ of habeas corpus was issued on January 24, 1955, commanding William S., Marlou, and Lula P. Stogsdill to have the minor before Judge Emme on January 26, 1955, at 1 p. m.; said minor is an orphan and has always been a resident of California; on January 20, 1955 the attorney for petitioner (Lula) filed a notice of appeal ''of the decision of the trial Court''; Marian Arnold is a resident of Baltimore, Maryland and it is her intention to remove the minor from the State of California in the event she is given custody of the minor; the superior court has no jurisdiction to hear the habeas corpus matter for the reason that the powers of the superior court ceased upon the filing of a notice of appeal. In said petition Lula P. Stogsdill asked that an alternative writ of prohibition be issued restraining the superior court from taking any further proceedings in connection with said writ of habeas corpus, and that the superior court be required to show cause why a peremptory writ of prohibition should not be issued.

On January 26, this court issued an alternative writ of prohibition.

On February 4, the judge signed and filed findings of fact, conclusions of law, and a judgment in the matters of the three petitions for letters of guardianship, and in the matter of the motion to vacate the order of July 27, 1954, appointing Lula P. Stogsdill guardian. The judgments were in accordance with the minute orders, pertaining to said matters, heretofore mentioned.

The return to the alternative writ, made by the superior court and Marian Arnold, included statements to the following effect: denied that Lula was removed as guardian, and alleged that the order appointing her was vacated; alleged that findings of fact and conclusions of law were not required inasmuch as no opposition was filed controverting the allegations of Marian's petition; the findings of fact and conclusions of law were signed and filed by the judge on February 4; denied that the minor has always been a resident of California, and alleged that she had resided in Indiana about six months; that the parents of the minor were deceased; Marian Arnold was appointed guardian before the notice of appeal was filed; that the order appointing Lula was vacated ''as having been made as the result of deception practice'' by Lula on Marian and the court, and ''as having been obtained'' through the excusable neglect of Marian; no

formal answer or objection to the motion to vacate was interposed by Lula. The return also stated in effect that the court found as follows: the order appointing Lula was made without notice to Edna Gonzales, a maternal aunt of the minor, who resided in Los Angeles County; the order appointing Lula as guardian was made after Marian had been deceived and misled "into believing" that the guardianship of Lula would be temporary; the appointment of Lula was contrary to the wishes of the mother of the minor, which wishes were expressed in writing shortly before her demise; the petition of Lula falsely stated that she was the only relative of the minor living in California and that she was the aunt of the minor, when in fact she was a grandaunt of the minor and when in fact Edna Gonzales, an aunt of the minor, was a resident of Los Angeles County; that it would be for the best interests of the minor to place her in the custody of Marian, pursuant to the wishes of the minor's mother. The return also stated that the conduct of Lula lulled Marian into inactivity and enabled William Stogsdill to file a petition for the adoption of the minor; Lula, William and Marlou Stogsdill have endeavored to frustrate the order requiring that the custody of the minor be entrusted to Marian, their efforts having been to hide the minor despite their knowledge of the terms of said order appointing Marian as guardian and awarding custody of the minor to her; that it is the intent of Lula, William and Marlou to circumvent the order of the court and the wishes of the mother of the minor and thereby enable William and Marlou to adopt the minor.

The filing of the notice of appeal by Lula P. Stogsdill from the order revoking her letters of guardianship, appointing Marian Arnold as guardian, and ordering that the custody of the minor be given to Marian Arnold, stayed all proceedings in the trial court, for the enforcement of said order, until final determination of the appeal. *Rungie* v. *Superior Court*, 55 Cal.App.2d 115 [130 P.2d 140], was a proceeding in prohibition to restrain the superior court from proceeding to enforce a judgment removing the guardian (grandmother) of a minor and ordering the delivery of the minor forthwith to the father of the minor. The petition therein alleged that the trial court intended to and would enforce the order ordering her (guardian) to forthwith turn over the custody of the minor to the father. The court therein said: "At the oral argument it was made to appear to the

satisfaction of this court that an appeal had been taken from the order to which the alternative writ of prohibition was directed. Therefore, pursuant to the provisions of section 949 of the Code of Civil Procedure, this appeal automatically stayed all proceedings in the trial court until the final determination of the appeal (*In re Stratton,* 133 Cal.App. 738, 739 [24 P.2d 832]), and an order issued in the present proceeding would be idle and of no effect.'' In *Sacks* v. *Superior Court,* 31 Cal.2d 537 [190 P.2d 602], a guardian of the estate of Mrs. Sacks was appointed, and she appealed from that order. During the pendency of the appeal the clerk of the superior court issued a citation for her to show cause why a guardian of her person and estate should not be appointed. She sought a writ of prohibition to restrain the superior court from proceeding under the citation issued by the clerk. She contended that the citation was void because, at the time of issuance, the appeal from the order appointing a guardian of her estate was pending and jurisdiction of the cause had been thereby removed from the superior court. The court held that the point was well taken and said (p. 540) : ''A duly perfected appeal divests the trial court of further jurisdiction in the cause and of power to act other than with respect to specified excepted or collateral matters [citations]. Here the appeal from the order appointing a guardian of petitioner's estate removed that entire matter from the probate court to the court of review. The probate court was therefore without jurisdiction of the cause when the clerk issued the purported citation of May 1st.''

It is obvious that the habeas corpus proceeding herein was a proceeding pertaining to the enforcement of the order made in the guardianship matter directing Lula, William and Marlou Stogsdill to deliver the minor forthwith to Marian Arnold, ''who is permittted to remove said child from the State of California.'' The petition for the writ of habeas corpus referred particularly to the guardianship proceedings, the order appointing Marian Arnold as guardian, the *nunc pro tunc* order directing that the child be delivered forthwith to Marian Arnold, and the refusal of the Stogsdills to so deliver the minor, and then the petition alleged that the minor was deprived of her liberty illegally by the Stogsdills. It thus appears that the habeas corpus proceeding was based solely upon the order regarding the custody of the minor. Since the appeal herein stayed further proceedings in the

trial court to enforce the order made in the guardianship matter, and since the appeal divested the superior court of jurisdiction to proceed further to enforce the order made therein regarding the custody of the minor, the superior court does not have jurisdiction to proceed under said writ of habeas corpus. A peremptory writ of prohibition should issue.

■ The respondent, Marian Arnold, has demurred to the petition for a writ of prohibition on the ground that this court does not have jurisdiction to issue a writ of prohibition herein; that exclusive jurisdiction of the matter is in the Supreme Court, since the notice of appeal states that the appeal is to the Supreme Court. In *Moon* v. *Superior Court*, 59 Cal. App.2d 447 [139 P.2d 84], it was contended that the District Court of Appeal should not consider the petition for a writ of prohibition therein, because an appeal from an order involved therein was taken to the Supreme Court. The court therein said (p. 449) : ''This rule appears to be one of comity rather than of jurisdiction; . . .'' That such procedure is a matter of policy is shown by a statement in the Journal of The State Bar of California, Vol. XXV, No. 2 (March-April, 1950), by the Clerk of the Supreme Court. It is there stated (p. 137) : ''In line with its established policy of transferring appeals, the Supreme Court of California has announced that henceforth it will likewise transfer original proceedings to the District Courts of Appeal, with the following exceptions: [Here certain exceptions, not involved here, are stated.] . . . It will therefore assist the court and at the same time expedite the consideration and disposition of original proceedings if they are filed in the first instance either in the Superior Court or the District Court of Appeal, both of which courts have concurrent jurisdiction with the Supreme Court in such matters.'' The demurrer is overruled.

A question discussed in the briefs is whether findings were required in the proceedings before Judge Emme. The petitioner here contends that the orders that were entered before findings were made are void. This contention is controverted by respondent upon various grounds. A decision of this question would be indecisive. If they were valid orders their operation was stayed by the appeal. If they were invalid because they were entered without findings the court should not have attempted to enforce them in a summary manner. It was made to appear upon the argument of the instant proceeding that the necessary steps will be taken by appeal

to stay any attempted enforcement of the judgments signed February 4.

It is apparent from the views we have expressed that the status quo should be maintained pending final determination of the matters in issue.

Let a peremptory writ of prohibition issue prohibiting the superior court from proceeding under said writ of habeas corpus issued on January 24, 1955, pending the final determination of the matters in issue.

Shinn, P. J., and Vallée, J., concurred.