[Crim. No. 554.   Second Appellate District.—July 10, 1917.]

In the Matter of the Application of DAVID F. HOLT for a Writ of Habeas Corpus on Behalf of Joseph Holt et al., Minors.

HABEAS CORPUS — CUSTODY OF CHILDREN — APPLICATIONS IN DIFFERENT COURTS—RES ADJUDICATA.—An adjudication of the superior court denying an application for a writ of *habeas corpus* to obtain the custody of minor children and remanding them to the custody of the respondents is *res adjudicata* as to a subsequent application in the district court of appeal seeking the same relief on the same grounds and the same facts.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Second Appellate District for the restoration to petitioner of the custody of minor children.

The facts are stated in the opinion of the court.

N. C. Peters, W. E. Ginder, and F. Louis Zimmerman, for Petitioner.

Hugh L. Dickson, Allison & Dickson, and W. J. Bailey, for Respondents.

JAMES, J.—David F. Holt presented the petition herein seeking a writ under which to have restored to him the custody of his three children, Joseph, Marie, and Catherine, aged respectively ten, nine, and six years. It was set forth in the petition that the minors were in the custody of Kit Carson and Lou C. Carson, his wife, the latter being a sister of the deceased wife of petitioner. It was further set forth that petitioner's wife died about four and one-half years ago and that the minor children were left in the custody of the Carsons at and during the pleasure of petitioner and for such period of time as might be required by him to establish a suitable home within which he might place and care for them; that petitioner had to the best of his ability supported the children during the time they had remained with the Carsons, and had expended as much as five hundred dollars in that behalf; that petitioner had remarried and had established a home, and had ample means with which to support his minor children; that the said children were not being properly educated and instructed, and that they were kept at a place remote from churches and schools and were living in tents. Further alleged facts were set forth tending to show that Kit Carson was not a suitable person to have part in the raising of the children. Petitioner alleged that the Carsons, upon his demand, refused to relinquish the children into his care and custody. It further appeared by the petition that a proceeding of this same kind was heretofore instituted in the superior court of the county of San Bernardino for the same cause and upon the same alleged facts, and that the court denied the application and remanded the children to the custody of the Carsons. Upon the filing of the petition here the writ was issued and the children were brought into court with the return as made by their custodians. The respondents preliminarily presented to the court for consideration and in an appropriate way the objection that, as the matters presented by the petition had heretofore been considered in a *habeas corpus* proceeding before the superior court in San

Bernardino County, the writ could not be maintained here, for the reason that the order as made by the superior court had become *res adjudicata.* Authorities were cited sustaining that position. It was admitted by respondents' counsel that in the ordinary case where a person is actually imprisoned under criminal process, a decision on *habeas corpus* rendered in one court is not a bar to the prosecution of a proceeding of the same kind in another court having original jurisdiction to issue the writ. It was argued, however, that in the matter of the custody of children, where the writ is sought to determine primarily the right to their custody, the question involved is in its nature civil, and that a different rule is then to be recognized. The authorities cited sustain this position, and our attention has been called to none which raise a serious dispute with that holding. In *State* v. *Bechdel,* 37 Minn. 360, [5 Am. St. Rep. 854, 34 N. W. 334], the court was considering the same question. In that decision it is said: "It is true that the charge is, that the child is unlawfully restrained, etc.; but the gist of this charge is not that the child is unlawfully deprived of its liberty, but that such restraint is in prejudice of the right of the relators to its custody. The case is really one of private parties contesting private rights, under the form of proceedings on *habeas corpus.* In our judgment, in such cases, both principle and considerations of public policy require the application of the doctrine of estoppel to judicial proceedings. We therefore hold that a former adjudication on the question of the right to the custody of an infant child, brought up on *habeas corpus,* may be pleaded as *res judicata,* and is conclusive upon the same parties, upon the same state of facts." The decision cites as sustaining the text, Freeman on Judgments, sec. 324; Church on Habeas Corpus, sec. 387. The question was also considered in *In re King,* 66 Kan. 695, [97 Am. St. Rep. 399, 67 L. R. A. 783, 72 Pac. 263], under which case may be found an extensive note collecting a number of authorities. Also in the case of *Cormack* v. *Marshall,* 211 Ill. 519, [1 Ann. Cas. 256, 67 L. R. A. 787, 71 N. E. 1077]. No facts different from those which were presented to the superior court are brought before us by the petition; in fact, the petition negatives any such suggestion. The question involved in the hearing before the superior court was as to the right of the parent to the custody of his children, and in deciding that question it was neces-

sary for the court to determine as to what the best interests of the children required in the circumstances of the case.

Our conclusion is that the petitioner is not entitled to have retried here the matters upon which decision was asked and made in the superior court. We do not wish to be understood as declaring that petitioner might not in a proper court, in a different proceeding, as by petition for guardianship, have such questions as would be material to his application tried and determined.

The writ is discharged and the minors remanded to the custody of respondents until it is otherwise legally adjudged.

Conrey, P. J., and Works, J., *pro tem.*, concurred.