[Crim. No. 739. Second Appellate District, Division Two.—November 18, 1920.]

In the Matter of the Application of VIOLA FRAZIER, etc., for a Writ of Habeas Corpus.

[1] MINORS—HABEAS CORPUS—FORMER JUDGMENT—RES ADJUDICATA. In an original proceeding in *habeas corpus* to recover the custody of a minor, the appellate court is bound by the judgment of the superior court in a similar proceeding between the same parties, and the conclusive effect thereof is not affected by the presentment of facts which existed at the time of the former hearing, but which were not introduced in evidence.

[2] ID.—CONTEST FOR CUSTODY OF MINOR—GIST OF ACTION.—In a contest for the custody of an infant the gist of the action is not that the child is unlawfully deprived of its liberty, but that such restraint is in violation of the petitioner's right to its custody, and is essentially a proceeding to enforce private rights by the process of *habeas corpus*.

APPLICATION for a Writ of Habeas Corpus to recover the custody of a minor. Denied.

The facts are stated in the opinion of the court.

1. *Habeas corpus* decree as to custody of infant as *res adjudicata,* notes, 1 Ann. Cas. 260; 11 Ann. Cas. 129; Ann. Cas. 1912D, 359; Ann. Cas. 1916D, 506; 67 L. R. A. 783; 49 L. R. A. (N. S.) 83.

George W. Bush for Petitioner.

B. F. Thomas for Respondents.

WELLER, J.—This proceeding was instituted to recover from the respondents the custody of Gulda Ramona Sill, a minor child about nine years of age.

It is alleged that petitioner, who is the mother of the child, placed her in the custody of respondents in order that they might enjoy her comfort and companionship, but without any intent to abandon the child, and that respondents have not adopted the child, but now unjustly claim the right to retain her custody. Further allegation is made that a petition for a writ of *habeas corpus* to recover the custody of the minor was filed by this petitioner against the respondents here in the superior court of Santa Barbara County, which, upon a hearing in that court, was denied.

Respondents set forth in their return that, on or about the thirteenth day of July, 1911, the petitioner abandoned the child to their care and custody, since which time the mother has visited the child but three times, and has never contributed anything to her support. They aver that when the little girl was placed in their keeping it was agreed that petitioner should secure a divorce from her husband, from whom she was then separated, and that thereupon the respondents could adopt the child. This they are now willing to do, being abundantly able to maintain and educate the girl, and desire to treat her in all respects as if she were their natural child.

The facts found by the superior court in the *habeas corpus* proceeding wherein it awarded the custody of the child to the respondents here are set forth fully in the return filed in this court by respondents, and are substantially as we have above summarized the return, with additional details unnecessary to be repeated, but in no material respect different from the showing made on the hearing of the proceeding in this court.

Counsel for petitioner advances, with much persuasive force, the right of the natural mother to the custody of her offspring. With equal cogency the respondents present their claims, based upon the affection born of the

years of loving care bestowed upon the infant consigned to their charge. The argument of each party to the controversy strikes a responsive chord in the heart and stirs the tender emotion of parental instinct in the breast. Were the question open for our consideration, we would with reluctance attempt to solve this delicate problem. However, this grave responsibility has already been assumed by another tribunal, to which the parties have submitted their respective claims. [1] By the judgment of the superior court in a similar proceeding between the same parties it was determined that the best interests of the child would be subserved by awarding its custody to the respondents, and under the circumstances of this case we are bound by that decision.

[2] The great weight of authority is to the effect that, in a contest for the custody of an infant, the gist of the action is not that the child is unlawfully deprived of its liberty, but is that such restraint is in violation of the petitioner's right to its custody, and is essentially a proceeding to enforce private rights by the process of *habeas corpus*. For this reason it is held that a former judgment upon the same state of facts may be set up as *res adjudicata* when the same parties appear in a subsequent proceeding of the same nature. (*In re Holt,* 34 Cal. App. 290, [167 Pac. 184]; *Cormack* v. *Marshall,* 211 Ill. 519, [1 Ann. Cas. 256, 67 L. R. A. 787, 71 N. E. 1077].)

Petitioner argues that a different state of facts was presented in the hearing in this court than those proven in the superior court. Allusion is made to a decree of divorce granted to the husband of petitioner in Idaho, whereby the custody of the child was awarded to the mother, which fact counsel was unable to prove in the superior court. Nevertheless, the fact existed at the time of that trial, and the failure to prove or offer to prove it does not change the state of facts. The principle of *res adjudicata* applies as well to matters which might have been proven as to those actually offered in evidence. Were this not the law, the doctrine would not be efficacious, for a party could withhold evidence in one case and defeat the plea of *res adjudicata* by introducing it at a later trial of the same issues. The fact of the divorce existed and was known at the

time of the former hearing, and petitioner cannot now take advantage of her failure to produce the evidence.

Writ discharged.

Finlayson, P. J., and Thomas, J., concurred.