*Ex parte* BUSH.

*In re* PLANTENGA.

Habeas Corpus—Custody of Infant—Welfare of Child Para-
mount Issue Rather Than Naked Legal Claims of Parties.
In *habeas corpus* proceedings between the mother, who
was awarded custody of her infant daughter in divorce
decree, and the paternal grandfather, who was thereafter
appointed guardian and awarded custody by the probate
court, to determine the right to custody of the infant,
where it appeared that conditions had materially changed
since the making of the decree, the paramount issue was
the welfare of the child, and the court was therefore in
error in limiting the issue to the naked legal claims of
the parties, but inquiry into the facts touching the fitness
of the contending parties to have the care and custody
of the child should have been made, and, in the exercise
of sound judicial discretion, custody awarded according
to the best interests and welfare of the child.

Wiest, J., concurring in reversal.

Certiorari to superior court of Grand Rapids; Verdier
(Leonard D.), J.   Submitted April 27, 1927.   (Docket
No. 18.)   Decided October 3, 1927.

*Habeas corpus* proceedings by Mildred Anderson
Bush against Peter Plantenga for the custody of an in-
fant.   From an order awarding the custody to plain-
tiff, defendant brings certiorari.   Reversed and re-
manded.

*J. T. & T. F. McAllister,* for appellant.

McDonald, J.   On the 12th of January, 1923, the
plaintiff, Mildred Anderson Bush, was granted a de-
cree of divorce from John Plantenga in the superior

Habeas Corpus, 29 C. J. §§ 101, 108, 191; 12 R. C. L. 1215; 2
R. C. L. Supp. 1574; 4. R. C. L. Supp. 790.

court of Grand Rapids. She was given the custody of their only child, Elizabeth Plantenga, now six years of age. On the 15th of March, 1923, Mildred Anderson Bush petitioned the probate court for the county of Kent for the appointment of Peter Plantenga as guardian of said child. John Plantenga, the father, filed a written consent to the appointment. Peter Plantenga is the father of John Plantenga, and therefore is grandfather of the child, Elizabeth. The child had no estate, so the probate court appointed Peter Plantenga guardian and required him to give a nominal bond of $25. Peter Plantenga, the guardian, had no knowledge of these proceedings until September 10, 1926. He immediately filed the required bond and began an investigation as to the situation of the child. He became convinced that it was not being properly cared for; that the mother had been married and divorced on two occasions since her divorce from the child's father; that it was living in immoral environments; and that the mother had on several occasions sought to relieve herself of its care by placing it in an orphanage in the city of Detroit. He applied to the probate court of Kent county with the result that an order was made granting him the custody of the child. This order was entered October 13, 1926. About a week or two thereafter the mother sent the child to the guardian at Grand Rapids on a visit. She was then living in Detroit. The guardian insisted on retaining its custody, and the mother filed her petition in the superior court of Grand Rapids for a writ of *habeas corpus*. The defendant filed a sworn answer and return to the writ in which he alleged his appointment as guardian by the probate court on petition of the mother, and with the written consent of the father; that the mother was immoral and an unfit person to have the custody of the child; that she was repeatedly guilty of drunkenness, and was unable to

care for the child; that she had been divorced three times since her marriage to the child's father; that at the time of filing her petition for the writ she was living with a man named Bush in the city of Detroit; that Bush on numerous occasions had beaten the child; that the conditions affecting its custody had greatly changed since the decree granted to the mother in January, 1923; that he, Peter Plantenga, was a suitable person to have the custody of the child; that he could furnish it with a good home and moral surroundings; and that it was for its best interests that he be permitted to retain its custody. The plaintiff made no answer to this, and at the time of the hearing the defendant's return to the writ remained uncontradicted.

The lower court refused to receive any evidence as to the welfare of the child, holding that the plaintiff's right to its custody could not be questioned in any proceedings except proceedings to modify the decree of divorce; and that the detention of the child by the defendant was unlawful, because the probate court of Kent county had no jurisdiction to make any orders relative to its custody. In accordance with these views, a decree was entered restoring the child to the custody of the plaintiff. The defendant seeks to review the proceedings in this court by writ of certiorari.

We think that the court was in error in limiting the issue to the naked legal claims of the plaintiff and the defendant. The welfare of the child was the paramount issue. Corpus Juris in discussing the question says:

"The writ of *habeas corpus* was limited originally to cases of restraint under color or claim of law. It has, however, been extended to, and generally made use of in, controversies touching the custody of infants, which are governed, not so much by considerations of strictly legal rights, as by those of expediency and equity, and above all the welfare and interest of the infant." 29 C. J. p. 108, § 101.

And in 12 R. C. L. p. 1215, it is said:

"The ascertainment and enforcement of the custody of minor children by the use of the writ of *habeas corpus* is of an equitable nature, and in such cases the question of personal freedom is not involved, for an infant, from humane and obvious reasons, is presumed to be in the custody of some one until it has attained its maturity; and the court, when asked to restore an infant, is not bound by any mere legal right of parent or guardian, but is to give it due weight as a claim founded on human nature, and generally equitable and just.    Therefore these cases are not decided upon the legal right of the petitioner to be relieved from unlawful imprisonment or detention, as in the case of an adult, but upon the court's view of the best interests of those whose welfare requires that they be in custody of one person or another; and hence a court is in no case bound to deliver a child into the custody of any claimant or of any person, but should, in the exercise of a sound judicial discretion after a careful consideration of the facts, leave it in such custody as the welfare of the child at the time appears to require."

These views as to the questions involved when a child is the subject of the writ of *habeas corpus* are in harmony with the holdings of our court.    In *Re Gould*, 174 Mich. 663, it was said:

"The power of parental control, though recognized as a natural right and protected when properly exercised, is by no means an inalienable one.    When the 'right of custody' is involved between respective claimants for a child, the courts, though in the first instance recognizing *prima facie* rights of relationship, in the final test are not strictly bound by demands founded on purely technical claims or naked legal rights, but may and should, in making the award, be governed by the paramount consideration of what is really demanded by the best interests of the child."

In the instant case the trial judge evidently overlooked the purpose of *habeas corpus* proceedings where the custody of minor children is involved.    He disposed of the issue on the superior legal rights of the

plaintiff; and refused to inquire into the question of her moral fitness to have custody of the child. He attached too much importance to the invalidity of the orders of the probate court, and to the effect of the divorce decree as a conclusive adjudication of the question of custody. Neither the probate court order granting the custody to the defendant, nor the decree of divorce granting it to the plaintiff, is sufficiently conclusive to preclude a court in *habeas corpus* proceedings from determining the question of custody according to the interests and welfare of the child when it appears that the situation has materially changed since the making of the decree or order. The legal rights of the contending parties must yield to the interests and moral welfare of the child. So in this case, on the hearing, the court was legally bound to inquire into the facts touching the fitness of the contending parties to have the care and custody of the child, and, in his sound judicial discretion, to award the custody according to its best interests and welfare. His failure to do so was error.

The order entered is vacated, and the cause remanded for hearing on the merits.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, and CLARK, JJ., concurred with McDONALD, J.

WIEST, J. (*concurring in reversal*). This is certiorari to review *habeas corpus*. I am not in accord with the opinion of Mr. Justice McDONALD. I will state the proceedings involved, in chronological order. January 12, 1923, the superior court of Grand Rapids granted Mildred Plantenga a divorce from John H. Plantenga, and awarded her the custody of Elizabeth Plantenga, the child of the parties, then nearly three years of age. That decree is still in full force and effect. March 15, 1923, the mother petitioned the probate court for Kent county to appoint the child's paternal grand-

father guardian, stating the child possessed no estate in that county and had no general guardian. March 15, 1923, the probate court appointed the grandfather guardian of the child's estate, reciting in the order that the child possessed an estate. October 13, 1926, on petition of the grandfather, the probate court appointed him guardian, with custody of the child, and recited in the order, among other things, that "the mother of the said Elizabeth Plantenga has been married and divorced on two different occasions since her divorce from John Plantenga, father of the said Elizabeth Plantenga, and that she is not the proper person to have the custody of said child." Following the probate order the grandfather obtained possession of the child. Thereupon the mother, now Mildred Anderson Bush, sued out a writ of *habeas corpus* in the superior court of Grand Rapids to obtain possession of her child.

At the hearing on the writ the superior court judge was of the opinion that the order of the probate court, taking the child from the custody awarded her by decree of the superior court, and giving the custody to the grandfather, was a nullity because jurisdiction over the custody of the child was vested, by the divorce suit, in the superior court, and exercised by an outstanding decree on the subject, and restored the custody of the child to the mother. The superior court judge also stated:

"I am not saying that Mildred Plantenga Bush is a fit and proper person to retain the custody of this child, nor am I saying that she is unfit to do so. Whether she is or is not can be decided by a proper proceeding to amend the decree." * * *

The grandfather reviews by certiorari. Review by certiorari, of course, presents only questions of law. The question, briefly stated, is: May the probate court, while a decree of the superior court, awarding custody of a child to the mother in a divorce case, is in full force

and effect, with statutory power in that court to alter the same at any time for the welfare of the child, enter an order finding the mother an unsuitable person and give the custody of the child to the grandfather? The grandfather justifies detention of the child as guardian of her person and alleges the mother is unfit .to have her custody.

My Brother and I agree that the welfare of the child is the paramount consideration.

In the divorce case the child was a special ward of the court and there was undoubted power, as well as duty, under the statute, to decree custody. *In re Austin's Estate,* 173 Mich. 47 (Ann. Cas. 1917D, 749). Such custody was given the mother. The court had power at any time to revise or alter the decree concerning the care, custody, maintenance, and welfare of the child (3 Comp. Laws 1915, § 11408).

The petition of the mother to the probate court to have a guardian appointed did not at all interfere with or affect the decree in the superior court, for the petition did not ask, and the probate court did not make, an order thereon relative to the custody, but only of the estate. The fact the child had no estate does not amplify the petition or the order. The petition of the grandfather in the probate court asking for the custody of the child, as guardian, and the order of the probate court so awarding him her custody, was in direct conflict with the decree in the superior court and was a nullity. The superior court had full power, in the divorce case, under its retained jurisdiction over children of tender years, to fully safeguard the welfare of the child. Suppose that, upon application of the father, the superior court, under the power vested by statute, now makes an order altering the former one and awards the custody of the child to the father, will such order, in conflict with the order of the probate court giving the grandfather the custody, prevail?

Certainly it will, because jurisdiction over the custody, maintenance, and welfare of this child is vested by law in the superior court, and, with an outstanding decree of that court in full force, the probate court could not entertain jurisdiction over the same subject-matter and order a different custody. When and at what point was such power lost to the superior court and vested in the probate court?

We are not informed by this record, but it is reasonable to assume that the father was required to contribute toward the support of the child. If what was done here may be done legally, the decree for support is nullified and the father may not be reached for non-compliance with the decree. If we sanction the order of the probate court we countenance an unseemly conflict of jurisdictions. The superior court, by decree, having vested the custody in the mother, such custody must stand until changed by the superior court, and may not be changed by any order of the probate court.

The superior court should consider the welfare of the child and determine whether her custody be taken from her mother. The superior court has jurisdiction in the premises in the *habeas corpus* proceeding.

The refusal to so act should be reversed and the matter remanded with direction to determine the subject of the welfare of the child in accord with present circumstances and as an issue solely within the jurisdiction of the superior court. Appellant should recover costs.