[Crim. No. 1565. Second Appellate District, Division One.—March 21, 1928.]

In the Matter of the Application of LORENA McDANIEL for a Writ of Habeas Corpus.

Clarke & Bowker for Petitioner.

C. E. McDowell for Respondent.

HOUSER, J.—By the petition herein petitioner seeks the custody of her three minor children. As gleaned from the record, the salient facts are that in the state of Oklahoma in a divorce proceeding between petitioner and her husband, petitioner was awarded the custody of their three children who are the subject of this proceeding; that thereafter petitioner took the said children to the city of Fort Worth, state of Texas, where in a rooming-house she abandoned them and left them destitute; that thereupon, after proceedings had in the district court of Tarrant County, Texas, each of said children was adjudged a dependent child and ordered placed in the Tarrant County Orphans' Home. Thereafter by order of said court the custody of said children was awarded to their aunt, the respondent herein, who thereupon brought the children to this state. It further appears that heretofore, in a *habeas corpus* proceeding instituted in the superior court of Los Angeles County by the mother of the children against their aunt, an order was made by said court that the aunt, respondent herein, retain the custody and control of said minor children.

It is contended by respondent that the order of the superior court is conclusive so far as the instant proceeding is concerned. On the other hand, petitioner urges that in a *habeas corpus* proceeding the court is limited to an order either granting to the petitioner the relief sought by him, or to deny it; and consequently that the order made by the superior court by which the control of the children was awarded to the respondent herein was in excess of the jurisdiction of the court.

While in the superior court the proceeding was denominated an application for a writ of *habeas corpus*, nevertheless, by the petition therein, the issue of the fitness of the petitioner to have the care and custody of the children was tendered to and accepted by the respondent, with the result that at the hearing evidence pertinent to such issue was introduced by each of the parties to the proceeding. As is shown by the judgment or order made by the superior court in said matter, it "appearing to the court at such time that the best interests of said children in respect to their temporal, mental and moral welfare and the preference of said children required that the petition of the said Lorena

McDaniel be denied, and that the custody and control of said minor children be retained by said E. Lura Adams,

"It is therefore ordered that the custody of said minor children, . . . be and the same is hereby awarded to the said E. Lura Adams, and the said E. Lura Adams is to retain the custody and control of said minor children."

It thus appears that, notwithstanding the main feature of the proceeding was the question of the legal right of the respondent to the custody of the children, in effect a judicial determination was had of what possibly might be termed the subsidiary or dependent question of the proper disposition to be made of the children. While ordinarily it may be said that the function of the writ of *habeas corpus* is to determine only the legality of the detention of a person under restraint of his liberty (13 Cal. Jur. 217, and note), in cases involving the custody of infants the rule seems to be relaxed and extended so that the determination of the matter may include an order looking to the best interests of the children (13 Cal. Jur. 279.)

In the *Matter of Hart,* 21 Cal. App. 30, 32 [130 Pac. 704], it is held that in a *habeas corpus* proceeding before the district court of appeal that court "is not called upon, nor, . . . has it jurisdiction or authority to hear evidence with reference to the best interests of the child, . . . " However, as opposed to such a statement of the law, as hereinbefore indicated, the practice is well established in a proceeding of this nature that such matters as relate to the fitness of either the petitioner or the respondent, or the temporal, moral and spiritual welfare of the child, may be considered and determined. (12 R. C. L. 1215, and cases there cited: *In re Mathews,* 176 Cal. 156 [167 Pac. 873] ; *Ex parte Becknell,* 119 Cal. 496 [51 Pac. 692]; *In re Gates,* 95 Cal. 461 [30 Pac. 596].) But in addition to such general power of the court in such matters, it is clear in principle that, although possibly from abstract reasoning the relief in a *habeas corpus* proceeding should be limited to an inquiry into the question of the validity and regularity of the authority upon which the respondent may base his right to the detention of the petitioner, in a *habeas corpus* proceeding involving the custody of an infant, where the issue of the fitness of each of the opposing litigants is made and

evidence of such issue is introduced and received at the hearing, the judgment by the court thereon is a valid adjudication of the rights of the parties and binding upon them.

In the well-considered case entitled *In re Gille*, 65 Cal. App. 617 [224 Pac. 784], the authorities are reviewed and the conclusion reached that, as between the same parties and upon the same state of facts, a final adjudication on a writ of *habeas corpus* brought to determine the right of the parent to the care and custody of a minor child is *res adjudicata* as to all questions necessarily involved in the proceeding. To same effect is the case entitled *In re Holt*, 34 Cal. App. 290 [167 Pac. 184]. The syllabus in *In re Frazier*, 50 Cal. App. 45 [194 Pac. 510], contains the following declarations of the law:

"In an original proceeding in *habeas corpus* to recover the custody of a minor, the appellate court is bound by the judgment of the superior court in a similar proceeding between the same parties, and the conclusive effect thereof is not affected by the presentment of facts which existed at the time of the former hearing, but which were not introduced in evidence."

The situation here seems to be controlled by the authorities to which reference has been had. It therefore becomes unnecessary to consider other points raised by the respective parties to the proceeding.

The writ is discharged.

Conrey, P. J., and York, J., concurred.