[L. A. No. 10306. In Bank.—May 12, 1928.]

In the Matter of the Application of CLINTON BRUEGGER for a Writ of Habeas Corpus.   CLINTON BRUEGGER, Respondent, v. SAMUEL B. PATTERSON et al., Appellants.

A. T. Folsom and L. S. Barnes for Appellants.

Rollin L. McNitt for Respondent.

WASTE, C. J.,—In a proceeding in *habeas corpus* the court below awarded the custody of Agnes Patterson Brueg-

ger, a minor, to her father, the petitioner for the writ. A motion is now made to dismiss the appeal taken by the maternal grandparents, respondents in the court below, upon the ground that there is no right to an appeal in a matter of this character, for which reason, it is contended, the court has no jurisdiction to entertain the proceeding.

Until the enactment of section 1506 of the Penal Code, in 1927 (Stats. 1927, p. 1061), it was always the rule in this state that the determination of a court having jurisdiction in proceedings in *habeas corpus* was not subject to review by any other court in any manner, and that the doctrine of *res adjudicata* did not apply. (*In re Perkins,* 2 Cal. 424; *Matter of Ring,* 28 Cal. 247; *In re Zany,* 164 Cal. 724 [130 Pac. 710].) Section 1506 provides only for an appeal to the district court of appeal by the people from a final order made upon the return of a writ of *habeas corpus* discharging a defendant after his conviction in criminal cases prosecuted by indictment or information in a court of record. In all other cases the law remains unchanged. (*In re Alpine,* 203 Cal. 731 [265 Pac. 947].)

Appellants contend that our decisions deal only with cases involving proceedings instituted to secure the release of persons from restraint, and that there is a distinction between such cases and proceedings brought to determine the right to the custody of children. Such a distinction has been drawn by courts in a number of other jurisdictions, where it has been held that an appeal will lie from an order entered in *habeas corpus* proceedings fixing the custody of a child. Those courts, while recognizing the generally accepted rule that in proceedings brought to secure release from imprisonment or restraint a decision on one writ is not a bar to proceedings upon another writ, hold that where the facts in a proceeding brought to determine the custody of a child are the same as those determined in a previous proceeding, the former order is *res adjudicata.* (*Jamison* v. *Gilbert,* 38 Okl. 751 [47 L. R. A. (N. S.) 1133, 135 Pac. 342].) The latter kind of proceedings, they hold, partake of the nature of a private suit in which the public has no concern, and in which the rights of the parties are determined as in any civil action, and the judgment rendered is a final adjudication in regard to the custody of the child. (12 R. C. L., p. 1257, sec. 75; 29 Cor. Jur., p. 185, sec. 212.)

This theory, while supported by most respectable authority, is at variance with what has been the general rule in this state. Its weakness, in its application to appeals, lies in the fact that such an adjudication is *res adjudicata* and binding upon the parties only so long as the facts are the same and the conditions affecting the child's welfare or the parents' rights remain as they were when the hearing was had and the order made. (*In re Gille*, 65 Cal. App. 617, 620 [224 Pac. 784], and cases cited.) While such an order finally determines the question of the custody on facts and issues then before the court, it is in its nature but temporary and interlocutory. The decisions from other jurisdictions are not in agreement on the subject. (See Ruling Case Law and Corpus Juris, *supra*.) Some of those sustaining the contention of the appellants are based on statutes giving the right to appeal in these matters; others rest on the distinction we have noted. We have in this state no express legislative provision for an appeal in *habeas corpus* proceedings, save in the single instance provided by section 1506 of the Penal Code. We deem it to be the definitely settled law in this state that, in the absence of legislative action, an appeal will not lie in such matters. The cases cited so hold. (See *Matter of Hughes*, 159 Cal. 360, 366 [113 Pac. 684].)

The primary purpose of the writ of *habeas corpus* is to provide a summary and speedy mode of inquiring into the legality of imprisonment or restraint. Incidentally, in its application to children, the child's welfare may be inquired into; but the writ would be deprived of its effect if an order made pursuant to the inquiry can be suspended, and the person or parties affected can be compelled to undergo the delay attendant upon an appeal to the higher court.

The motion is granted and the appeal is dismissed.

Langdon, J., Richards, J., Shenk, J., Curtis, J., Preston, J., and Seawell, J., concurred.