[Crim. No. 1902. Second Appellate District, Division One.— February 6, 1930.]

In the Matter of the Application of ZAIDA GURY for a Writ of Habeas Corpus.

 

Ida May Adams for Petitioner.

Marion P. Betty and John L. Bland for Respondent.

HOUSER, J.—In substance, the facts herein appear to be as follows: By an interlocutory decree rendered in a suit for divorce, the custody of an infant son of the parties to the action was awarded to the husband. Pursuant thereto the mother voluntarily executed the judgment by surrendering possession of the child to the father. No appeal from *that* judgment was ever taken by either of the parties to the action. One week after said interlocutory judgment was rendered, the mother filed a notice of motion to modify "the interlocutory decree and judgment of divorce." When the motion came on for hearing, although two witnesses were sworn and testified in the matter, no "new evidence" was introduced, nor any relevant circumstances shown, differing in any material degree from what appeared on the trial of the action. With reference to such motion, the amended minutes of the court show that "judgment heretofore entered is now modified by the court, and the findings are modified by the court. Custody of minor child, David Gury, is awarded to the plaintiff. The defendant is hereby granted a stay of execution on said judgment for the period of ten days in which to start his appeal." Nearly a month thereafter a so-called "amended interlocutory decree of divorce" was signed by the court and regularly entered, which decree contained a provision by which the custody of the child was awarded to the mother. Following the entry of such "amended" decree, the father appealed to the Supreme Court therefrom, and said appeal is still undetermined. After the rendition of said latter decree and before the expiration of the ten days' stay of execution from the date of the entry of the "judgment" ordered by the trial court (however, not within ten days from the date of the minute order thereof), but preceding the date of the appeal therefrom, the mother, aided by two strangers, "without

legal authority, without any execution issued on account of said order, or legal process of any kind or nature whatever," forcibly took the child from the possession of the father; and some weeks thereafter the father peaceably regained the possession of the child. Thereupon, through the medium of a writ of *habeas corpus* issued out of the supe rior court, the mother sought to obtain the possession of the child. On the return to the writ and a hearing in said matter the Superior Court denied any relief to the mother, but affirmed the legal right of the custody of the child in the father. It is in such circumstances, as shown by the records and files herein, and (on stipulation of the parties) as produced from a like source in the Superior Court, that again, through the offices of a writ of *habeas corpus,* the mother seeks from this court an adjudication by which the child may be restored to her possession and custody.

From a consideration of the foregoing facts it at once becomes apparent that several important legal questions may be presented; but whatever may be the correct conclusions of law with reference to each of the various questions which in this matter might be submitted to this court for determination, the authorities are in practical accord that in proceedings of this character, and particularly where the custody of a minor child is involved as between or among the same parties, especially where no new facts are presented, a prior adjudication by a court of competent jurisdiction is conclusive. (*In re Beers,* 100 Cal. App. 796 [280 Pac. 1033]; *In re Marshall,* 100 Cal. App. 284 [279 Pac. 834; *In re McDaniel,* 90 Cal. App. 307 [265 Pac. 884]; *In re Gille,* 65 Cal. App. 617 [224 Pac. 784]; *In re Frazier,* 50 Cal. App. 45 [194 Pac. 510]; *In re Holt,* 34 Cal. App. 290 [167 Pac. 184].)

A review of the respective facts which were introduced in the *habeas corpus* proceeding before the Superior Court, and what are presented in this court, shows that the only possible difference was that, in addition to what was before the superior court, in this court there appeared the minute order of the trial court (heretofore quoted herein) by which the interlocutory judgment originally rendered by the latter court and its findings of facts were "modified"; the custody of the child "awarded to the plaintiff"; and the defendant granted "a stay of execution on said judg-

ment for the period of ten days in which to start his appeal." That such fact or facts could have no bearing on the *"res judicata"* rule is well established.

In the case entitled *In re Frazier, supra*, it is held that in an original *habeas corpus* proceeding in an appellate court, the conclusiveness of a former judgment in a similar proceeding in the Superior Court is not affected by the presentation in the appellate court of facts which existed at the time of the hearing of the *habeas corpus* proceeding in the superior court, but which were not there introduced in evidence. To the same effect, see *In re Marshall, supra; In re McDaniel, supra; In re Gille, supra; Borland* v. *Borland*, 56 Cal. App. 638 [206 Pac. 478].

It follows that the petitioner is entitled to no relief and that the writ should be discharged. So ordered.

Conrey, P. J., and York, J., concurred.