[Crim. No. 1781.   Third Dist.   Jan. 14, 1942.]

In re GRACE WHITE on Habeas Corpus.

Pugh & Pugh for Petitioner.

Ware & Ware for Respondents.

TUTTLE, J.—Petitioner asks, by her application for a writ of habeas corpus, to have the custody of Robert LaVoy White restored to her.   A similar application was made to the Superior Court, in and for the County of Tehama, and denied. It is alleged in the petition that William D. White and Letha Beryl White, paternal grandparents of the minor, are illegally detaining his person and restraining him of his liberty.   The grandparents now move this court to dismiss the proceedings upon the ground that the matter has been once adjudicated.

Petitioner was the wife of LaVoy White, from whom she was divorced by final decree on May 15, 1940.   The minor is the son of said parties, his age being six years.   By the terms of the final decree, the custody of said minor was awarded to the parents equally, each to have his custody for one-half of every year.   The father was ordered to pay $15 per month for the support of the child during the time that he was with the mother.

Subsequent to the filing of the petition, this court made an

order appointing a referee to hear all the issues involved, and report his findings thereon.

It further appears from the allegations of the petition that the father of the minor is on Midway Island, and has failed to provide any money whatever for his support, and does not intend to return to the United States for several years; that the mother is able and competent to provide a proper home for the child. Facts are set forth with the intent to show that the grandparents are not furnishing the child with a proper or suitable home, and that the latter will not permit petitioner to approach the child. It is also alleged that respondents have had the custody of said minor since March, 1940, and refused to permit petitioner to have his custody.

Respondents rely upon *In re Holt,* 34 Cal. App. 290 [167 Pac. 184], where it was held that a prior hearing upon habeas corpus, under identical facts, in the superior court, is *res adjudicata,* where the custody of children is involved.

Petitioner relies upon *In re Livingston,* 108 Cal. App. 716 [292 Pac. 285], where it is held that a prior hearing, in such a case, cannot be *res adjudicata* in an appellate court, if the decision of the superior court is based upon questions of law alone. We believe that the latter view must prevail here. Under no circumstances could it be said that respondents have any *legal* right to the custody of the minor. In the eyes of the law, they are mere interlopers who have no standing before this court. On the other hand, petitioner is the mother, and, under the terms of the decree, has a right to the custody at certain times. Her rights cannot be ignored, or lightly brushed aside. Furthermore, the petition recites that at the former hearing no evidence was introduced relating to the fitness of any of the parties to have the custody of the minor, or of environment. The court made no findings, but merely denied the writ. The question decided by the superior court was therefore one of law alone. Petitioner is therefore entitled to a full hearing in this court upon the issues set forth in her petition.

The motion is denied, and the referee directed to proceed with the hearing.

Thompson, Acting P. J., concurred.