[Crim. No. 2001. Third Dist. May 8, 1947.]

In re SHIRLEY ANN MARTIN, on Habeas Corpus.

Anthony U. Chargin for Petitioner.

L. A. Mills and O. C. Parkinson for Respondents.

PEEK, J.—By her petition for a writ of habeas corpus, Josephine J. Martin seeks the custody of her daughter, Shirley Ann Martin, a minor child of the age of approximately one year.

From said petition it appears that on August 29, 1946, petitioner was granted an interlocutory decree of divorce from the father of the child; that by the terms of said decree petitioner was awarded the custody of the child; that on November 8, 1946, petitioner and the father consented that the child be adopted by the respondents herein, Winfred Justin Smith and Sybil Elizabeth Smith; that on December 18, 1946, the parents became reconciled, resumed their marital status and filed a withdrawal of their consent to the adoption of their child with the State Department of Social Welfare. It also appears from the petition that prior to the filing of the same a similar proceeding was commenced in the Superior Court of San Joaquin County, and after a hearing thereon at which testimony was introduced and received, the writ was dismissed on December 24, 1946; that thereafter on January 6, 1947, said Winfred Justin Smith petitioned for letters of guardianship of the person of said child, and on January 30, 1947, the paternal grandmother of said child also petitioned for like letters of guardianship. The petition further alleges that it will be for the best interests of the child to be in the custody of her natural parents who are now able to properly care for and support her.

Upon the filing of the petition for the writ in this court (which petition follows verbatim that of the prior petition in the Superior Court of San Joaquin County, except for the recital of the disposition of the former writ and the now

pending guardianship proceedings) an order was issued restraining the superior court of said county from proceeding with the guardianship matter until after a hearing and determination could be made thereon.

Thereafter respondents filed their return and in addition have demurred, raising two points: (1) That the same questions presented in this proceeding were likewise presented in the prior hearing, and therefore are res judicata, and (2) that there are now pending in San Joaquin County guardianship proceedings in which the issues of the fitness of the parents to have such custody and what is for the best interests of the child will be determined.

■ Upon the petition for a writ of habeas corpus for the purpose of obtaining the custody of a minor child, the parent of such child is not. absolutely entitled to its custody nor to the issuance of the writ. The right of custody is dependent upon and qualified by what is for the best interests of the child, and necessarily included therein is the question of the fitness of the parent. (*In re Britt,* 176 Cal. 177 [167 P. 863]; *In re McDaniel,* 90 Cal.App. 307 [265 P. 884]; *In re DeLeon,* 59 Cal.App.2d 510 [139 P.2d 109].)

■ Where it appears that these issues have been determined in a former hearing upon the same facts and between the same parties, the appellate courts of this state have uniformly denied such writs upon the ground that the former proceeding is res judicata. (*In re Frazier,* 50 Cal.App. 45 [194 P. 510]; *In re Gury,* 103 Cal.App. 738 [284 P. 944].)

The rule is of course inapplicable where there is a showing of a change of circumstances since the denial of the former writ (*In re Gille,* 65 Cal.App. 617 [224 P. 784]), or the decision of the superior court was based upon a question of law alone (*In re Livingston,* 108 Cal.App. 716 [292 P. 285]; *In re White,* 49 Cal.App.2d 160 [121 P.2d 100]), or where there is no record of the former proceeding before the appellate court to show that the issues there raised were also before the superior court (*In re Landry,* 61 Cal.App.2d 230 [142 P.2d 432]).

In the present proceeding, however, there is no indication of a change of circumstances since the denial of the former writ. The record of the former proceeding is before us and shows that the issue of fitness was raised in the petition therein and that testimony was introduced and received on the hearing before the trial court.

We are likewise in accord with the second issue raised by respondents, namely, that there are now pending in the Superior Court of San Joaquin County proceedings for letters of guardianship. As we held in the case of *In re Green*, 67 Cal.App. 504 [226 P. 76], the question of whether the petitioner is a fit and proper person to have the care and custody of the child is one which may best be adjudicated in the trial court, and pending the determination of such issue by that court, this court will not interfere with the custody of a minor by a writ of habeas corpus.

By reason of the foregoing it is our conclusion that respondents' demurrer is well taken, that the restraining order heretofore issued by this court should be discharged and the writ dismissed without prejudice, and it is so ordered.

Thompson, Acting P. J., and Schottky, J. pro tem., concurred.