[Crim. No. 4555.   Second Dist., Div. One.   Sept. 5, 1950.]

In re JEAN WOODWARD HERRING BROWNING, on Habeas Corpus.

Hill, Jones & Attias for Petitioner.

THE COURT.—Petition for writ of habeas corpus and for stay of proceedings.

Petitioner is the father of a minor child.  In October, 1948, petitioner and his wife were divorced in New Jersey.  The child was awarded to petitioner by the court in New Jersey April 5, 1950.

Petitioner is a resident of New York, and his former wife is a resident of California.  She has the child here, and refuses to deliver the child to petitioner.  While testifying in the New Jersey court she stated she would not comply with the order of custody there as to the child.  Prior to the entry of the judgment in New Jersey the child was in California.

August 16, 1950, petitioner applied for a writ of habeas corpus in the superior court of this state in Los Angeles County.  August 18, 1950, the matter was referred to Judge Doyle for hearing.  After the petition for habeas corpus was filed in the superior court, the mother filed another proceeding in that court, praying that the custody of the child be determined, and given to her.

Judge Doyle discharged the writ of habeas corpus, and gave the mother temporary custody of the child.  That the superior court had jurisdiction to determine the issues, there can be no question.

Now the father petitions this court for a writ of habeas corpus.  This is the second petition in this court for the writ.

The first writ was quashed because of the pendency in the superior court of the writ above mentioned. (*In re Owen,* 82 Cal.App. 280 [255 P. 541] ; *In re Shaw,* 84 Cal.App. 24 [257 P. 585].)

■ The petition now presented to this court alleges no new or additional facts than those presented to the superior court. Therefore, the matter is res judicata so far as the present petition is concerned. (*In re Martin,* 79 Cal.App.2d 584 [180 P.2d 383].)

Inasmuch as a proceeding *in re* custody of the child is pending in the superior court in which the parties may have their day in court, it would seem that all would be better served by attending to that case. Except where questions of law only are involved, such cases as this, where a factual situation is involved, should be tried in the superior court. In the exercise of appellate jurisdiction, the appellate courts are restricted to the consideration of questions of law alone, except where there necessarily arises from the evidence or is presented thereby, from its very nature, a question of law.

The petition for a writ of habeas corpus is denied.