[Crim. No. 5778.   Second Dist., Div. One.   Oct. 29, 1956.]

In re MARIA CROZE, on Habeas Corpus.

Manuel Ruiz, Jr., for Petitioner.

Sanchez, Halpern & Knapp and Leopoldo G. Sanchez for Respondents.

THE COURT.—Petitioner is the mother of a minor, and seeks by the proceeding herein to have the possession of this child delivered to her by the respondents.

By her petition she alleges that said child is of the age of 3½ years and that heretofore she has been unable to properly care for said child by reason of economic factors beyond her control; that by reason thereof she delivered said child to the respondents Garcia to be gratuitously cared for by them until

such time as petitioner would be in a position to properly care for such child; and that she has demanded possession of said child from respondents but they have refused to surrender him to her.

She further alleges that prior to filing her petition for writ of habeas corpus from this court she filed a like petition in the Superior Court of the County of Los Angeles; that her petition was, on the 18th of September, 1956, denied; and that, the superior court having failed to find that she is a person unfit to have the possession of said child, the order of the superior court denying her possession of the child is res judicata of the fact of her fitness.

The return to the petition here filed by the respondents Garcia alleges in substance that petitioner abandoned said minor to the respondents, that petitioner is and at all times since the birth of said child has been an unfit mother and that it is to the best interests of the child that respondents retain the custody and control of said minor. They further plead the order of the superior court denying a writ of habeas corpus to petitioner as res judicata, and allege that in the proceedings in the superior court that court found petitioner was an unfit mother, that petitioner abandoned the child to respondents, and that it is for the best interests of said child to remain with respondents.

By stipulation of the parties the record of the proceedings in the superior court has been lodged with this court.

Neither petitioner's contention that, the superior court having failed to make any finding upon the question of petitioner's fitness to have custody of the minor child, its order denying a coercive writ against respondents is res judicata of petitioner's fitness, nor respondents' contention that that order is res judicata of petitioner's right to the custody of the minor so as to preclude this court from granting a coercive writ against respondents, can be sustained.

█ Where habeas corpus proceedings have been prosecuted in the superior court and that court has made findings of fact, its order is res judicata of the issues tendered, tried, and decided by the superior court; and the petitioner, if unsuccessful in the superior court, is estopped in the absence of a change in circumstances from again trying those issues upon a petition to the District Court of Appeal for a writ of habeas corpus. *(In re Holt,* 34 Cal.App. 290 [167 P. 184] ; *In re Gille,* 65 Cal.App. 617 [224 P. 784] ; *In re McDaniel,* 90 Cal.App. 307 [265 P. 884] ; *In re Gury,* 103 Cal.App. 738

[284 P. 944] ; *In re Martin,* 79 Cal.App.2d 584, 586 [180 P.2d 383] ; *In re Browning,* 99 Cal.App.2d 337 [221 P.2d 736].)

█ The decisions just cited hold that the decision of the superior court is res judicata of the issues determined by the superior court, but it is apparent from them and from the decision of the Supreme Court in *In re Bruegger,* 204 Cal. 169 [267 P. 101], that the order denying the writ is not res judicata in the broad sense that it bars further proceedings for the custody of the child, but in the very narrow sense that a petitioner for a writ of habeas corpus cannot, in the District Court of Appeal, again litigate the issues of fact decided in the superior court unless after the hearing in the superior court there is a change of the circumstances which affect the right to custody; nor does a decision by the superior court, which constitutes merely a decision of a question of law rather than a fact, bar the petitioner from presenting that same question of law to the District Court of Appeal upon an application for a writ of habeas corpus filed in that court. (*In re White,* 49 Cal.App.2d 160 [121 P.2d 100] ; *In re Landry,* 61 Cal.App.2d 230 [142 P.2d 432] ; *In re Livingston,* 108 Cal. App. 716, 718 [292 P. 285].)

█ The mother of an illegitimate, unmarried minor is entitled to his custody, service and earnings (Civ. Code, § 200). She may enforce her right to custody by a petition for a writ of habeas corpus. But the court, in such a proceeding, is not obligated to enforce this naked legal right by a coercive writ against the persons having custody of the minor, but may deny the writ if upon inquiry it finds as a fact that the mother has abandoned the child—that is to say, that she has knowingly and willfully deserted her child with the "intention to entirely sever, so far as it is possible to do so, the parental relation and throw off all obligations growing out of the same" (*Guardianship of Snowball,* 156 Cal. 240, 243 [104 P. 444] ) ; or finds as a fact that the petitioner is a person morally or mentally incompetent to have the custody and control of her child—that is to say, that she is unfit to have such custody and control. If it finds either abandonment or unfitness, the mother may not again, in the absence of a change of circumstances affecting either the question of abandonment or the question of fitness, try those issues through the means of an application filed in the District Court of Appeal.

█ As neither party has the right to appeal from the order made by the superior court either granting or denying the

application to it for a writ of habeas corpus (*In re Bruegger, supra*), it must clearly appear to this court that the superior court did find facts constituting an abandonment by petitioner of her child or that the superior court tried and determined as a fact that the petitioner is mentally or morally unfit to have possession of her child, before this court will hold her estopped to apply to this court for relief.

Examination of the record of the proceedings in the superior court in the present matter demonstrates that the issue as to petitioner's fitness was neither tendered nor tried by the superior court, and that the court did not find any facts upon which its conclusion that petitioner had abandoned her child could be predicated.

The superior court did not make any written findings of fact or conclusions of law, although it would have been the better practice in a proceeding of this kind to have done so. It did, however, in the minute order by which it denied petitioner the custody of her child, state the findings and conclusions upon which it based its order. This minute order does not contain any findings as to whether petitioner was morally or mentally unfit to have possession of her child, nor did the petition filed in the superior court or the return filed there by respondents raise that issue.

The petition filed in the superior court and the return thereto did, however, present the issue as to whether petitioner had abandoned her child. If the superior court did determine that issue against the petitioner, we must deny her relief here, inasmuch as she is not entitled to relitigate it, and the determination of that issue adversely to her by the superior court is determinative of her present right to custody. We are convinced, however, that that issue was not determined as a matter of fact by the superior court and that petitioner is not estopped from trying it here.

By the petition filed in the superior court it was in substance alleged that by reason of economic factors beyond petitioner's control she had delivered her child to respondents to be gratuitously cared for by them until petitioner would be able to properly care for him; and that petitioner was then able to care for said child but that the respondents had refused to surrender him to her. By their return filed in the superior court respondents in substance alleged that in October of 1953 petitioner had intentionally abandoned her son to them, and had not, during the three years thereafter, maintained, pro-

vided for, or supported her son, although she had the ability so to do.

By its minute order the court did not make any finding as to the factors which caused petitioner to put the child in the possession of respondents or as to what her intent was in so doing, or as to whether or not she had had the ability to support him, but found as facts, only, that she acted voluntarily in delivering her child to respondents and that she thereafter had made only "token effort to support or communicate with said minor child." From these facts the court concluded that the child "has been abandoned under the provisions of Section 701(a) Welfare and Institutions Code, that petitioner has abandoned said minor child, and that petitioner has no legal right to the custody of said minor child."

The only facts found by the court were that the child had been voluntarily delivered to respondents and that petitioner had made only a token effort to support or communicate with him. These facts fall far short of a finding that petitioner had actually deserted her child with the intention of entirely severing her parental relationship to him and with the intent to throw off all of the obligations growing out of that relationship; nor do they negative the allegations of the petitioner that she delivered the child to respondents due to economic factors beyond her control and with the intent to recapture him when she was in a situation to properly care for him. Unless these allegations were negatived, abandonment could not be found. (*In re Green,* 192 Cal. 714, 719-721 [221 P. 903]; *Roche* v. *Roche,* 25 Cal.2d 141, 143 [152 P.2d 999].)

The balance of the minute order constitutes merely an erroneous conclusion of law drawn from those facts. ▉ The superior court apparently acted under the misapprehension that section 701, subdivision (a), of the Welfare and Institutions Code was applicable. But it is not. That section has no applicability to proceedings of this nature. It merely defines minors who are within the jurisdiction of the juvenile court and as to whom a petition may be filed under section 720, subdivision (b), of the Welfare and Institutions Code to have that person declared free from the custody and control of his parents. If such a petition had been filed and an order made thereon, the situation here would be different; but the court, in the present matter, was not sitting as a juvenile court and had no power to declare the minor here free from the custody and control of his mother, and could only deny the petitioner the right to the custody of her child if it found facts

which would constitute an abandonment as we have heretofore defined that term.

It follows that the findings made by the trial court do not support its conclusion, and that the issue of abandonment was not determined by the trial court and that therefore petitioner is not estopped from having that issue tried here.

The return to the writ here having tendered both the issue as to petitioner's fitness and the issue of abandonment, and neither of those issues having been determined as matters of fact in the proceedings in the superior court, it is necessary that we appoint a referee to find the facts as to said issues.

It is therefore ordered that the order heretofore made submitting this matter is hereby vacated, and A. Edward Nichols, Commissioner of the Superior Court of the State of California, in and for the County of Los Angeles, is hereby appointed referee to take evidence and determine the facts as to whether the plaintiff is a fit person to have the custody of her child and the issue as to whether or not she has abandoned said child, and to report said facts and his findings and conclusions of law to this court within 60 days.

NOURSE (Paul), J. pro tem.*—I dissent. I cannot agree with the views expressed by the majority of this court or with their conclusions, because I believe that they have thereby set at naught the established rule that where habeas corpus is used not to determine whether a person is illegally confined or restrained but to determine who shall have the right to keep a minor in custody, a finding of fact upon an issue litigated in the superior court estops the parties from again litigating that fact upon an application for a writ of habeas corpus in the appellate court; and because the effect of the majority opinion is to turn the application for a writ of habeas corpus in this court into a writ of error with a trial de novo in this court, should error be found.

For nearly 30 years it has been the established rule that where a proceeding in the form of an application for a writ of habeas corpus has been had in the superior court to determine the rights of the parties to the custody of a minor and in that proceeding an issue of fact has been tendered and tried which, if determined adversely to the petitioner, would preclude the issuance by the superior court of a coercive order against the respondent in that proceeding and the superior

*Assigned by Chairman of Judicial Council.

court does deny the coercive writ, the petitioner may not, upon the same facts and without any change in the circumstances, again litigate that issue upon a petition for a writ of habeas corpus filed in the District Court of Appeal. (*In re Holt*, 34 Cal.App. 290 [167 P. 184]; *In re Gille*, 65 Cal.App. 617 [224 P. 784]; *In re McDaniel*, 90 Cal.App. 307 [265 P. 884]; *In re Gury*, 103 Cal.App. 738 [284 P. 944]; *In re Martin*, 79 Cal.App.2d 584, 586 [180 P.2d 383]; *In re Browning*, 99 Cal.App.2d 337 [221 P.2d 736].) The effect of these decisions is not to make the order of the superior court discharging the writ a bar to the petitioner's again asserting her legal right to custody, but to estop her, until there is a change in facts and circumstances, from again litigating issues which have been determined against her and which preclude her from enforcing her bare legal right to custody.

As I have pointed out, the order of the superior court discharging a writ of habeas corpus and denying a petitioner custody of his or her child does not operate as res judicata in the sense that it is a judgment barring a further assertion of petitioner's right; and if in the superior court an issue of fact such as petitioner's abandonment of her child or her unfitness to have custody of the child is not tendered and tried but the order of the superior court merely holds as a matter of law that petitioner does not have a legal right to the custody of the child, then its order is not res judicata and the question may be relitigated upon a petition filed in the District Court of Appeal. (*In re White*, 49 Cal.App.2d 160 [121 P.2d 100]; *In re Landry*, 61 Cal.App.2d 230 [142 P.2d 432]; *In re Livingston*, 108 Cal.App. 716, 718 [292 P. 285].)

The majority opinion, while noting and acknowledging the first rule stated, seeks to support its conclusion that the issue of abandonment tendered to the superior court was not tried and determined by that court, by holding that the superior court merely made an erroneous decision upon a question of law. In order to arrive at this conclusion the majority holds that the minute order of the superior court constituted the findings of that court and that those findings were insufficient to uphold the conclusion that petitioner had abandoned her child, and that the superior court therefore decided only a question of law and that its order is therefore not res judicata.

To my mind this reasoning is not sound. The estoppel, arising under the doctrine of res judicata, against relitigating an issue is as applicable to an erroneous decision upon the issue litigated as it is to a correct determination of that issue.

In the case here it is admitted that the issue as to whether petitioner had abandoned her child was tendered to the superior court, that it was tried there and determined adversely to petitioner; and there is no claim here that there has been any change in circumstances. (Only 12 days elapsed between the entry of the order of the superior court and the filing of the petition here.)

Assuming, as the majority does, that the minute order of the court constituted findings of fact and conclusions of law and demonstrates that the superior court *erroneously* determined that the petitioner had abandoned her child, that does not detract from the fact that it did determine the issue of abandonment; and it is only by treating the petition for a writ of habeas corpus here as a petition for a writ of error, and then finding that there was error and granting a trial in this court, that the decision of the majority can be sustained. To so hold in effect abolishes the established rule that an issue litigated in the superior court cannot be relitigated here; for if this court can find error in that the findings do not support the judgment, it can find error because the evidence does not support the findings, thus in every case permitting this court to review the action of the superior court as a basis for this court trying the same issues as were tried in the superior court.

The decision of the majority does in the present case relieve petitioner from what is apparently—from the record before us we do not have any record of the oral proceedings—a miscarriage of justice. But in my opinion our decision should not be molded so as to meet the exigencies of the present case, but should follow the established principles of law even though the present petitioner may have suffered an injury.

The majority says that petitioner has no right to appeal from the judgment of the superior court. In this I think they are in error, for the judgment of that court is final as to her right to the custody of her child until there is a change of circumstances.

A writ of habeas corpus is an ancient prerogative writ by which, in its original form, one might seek immediate relief from an illegal imprisonment, and it is the privilege of the use of this writ which the Constitution of the United States (art. I, § 9, clause 2) and the Constitution of this state (art. I, § 5) guarantee to the people. The courts of this state have inherent power to issue this writ irrespective of any statute, nor could the Legislature take away the power to issue this

writ to protect the citizen from illegal imprisonment or restraint (*Matter of Hughes,* 159 Cal. 360, 366 [113 P. 684]). I do not think, however, that it could be contended that the Legislature could not limit the procedure by which the parties could try their private rights to the custody of a child so as to preclude the trial of that issue by a writ of habeas corpus.

The writ was at common law, and in this state and, insofar as my research discloses, in all other states of the Union has been used for the purpose of litigating private rights as to the custody of a minor. When so used, it is a proceeding *in rem,* equitable in nature, in which the child is the *res,* and the right determined is that of petitioner to the custody of the minor, not the minor's right to be free from restraint. (*In re Frazier,* 50 Cal.App. 45, 47 [194 P. 510]; *Ex parte Armstrong,* 169 Ore. 320 [128 P.2d 951, 953-954]; *Richards* v. *Collins,* 45 N.J.Eq. 283 [17 A. 831, 14 Am.St.Rep. 726]; *Ex parte Bush,* 240 Mich. 376 [215 N.W. 367]; *Ex parte Turner,* 86 Ore. 590 [169 P. 109]; *Green* v. *Campbell,* 35 W.Va. 698 [14 S.E. 212, 29 Am.St.Rep. 843]; *Ex parte Parker,* 195 Okla. 224 [156 P.2d 584]; *Application of Habeck,* 75 S.D. 535 [69 N.W.2d 353, 357]; *Ex parte Flynn,* 87 N.J.Eq. 413 [100 A. 861, 862]; 25 Am.Jur. 203, 205; 39 C.J.S. 569; cases cited 39 C.J.S., 1956 Supp., note 93 to p. 569.)

It is uniformly held that the judgment in such a proceeding is a final determination of the rights of the parties litigated therein until there has been a change in circumstances affecting the best interests of the minor or the rights of the parties, and the issues so determined are res judicata not only in a subsequent proceeding in habeas corpus but in any other proceeding in which the right to the custody of the minor is put in issue. (*In re Holt,* 34 Cal.App. 290 [167 P. 184]; *In re Gille,* 65 Cal.App. 617 [224 P. 784]; *In re McDaniel,* 90 Cal.App. 307 [265 P. 884]; *In re Gury,* 103 Cal.App. 738 [284 P. 944]; *In re Martin,* 79 Cal.App.2d 584, 586 [180 P.2d 383]; *In re Browning,* 99 Cal.App.2d 337 [221 P.2d 736]; *In re Clifford,* 37 Wash. 460 [79 P. 1001, 107 Am.St.Rep. 819]; Freeman on Judgments, 5th ed., vol. 2, 1764-1766; 25 Am.Jur. 253; 17 Am.Jur. 514; ann. 110 A.L.R. 748.)[1]

---

[1] I am not unmindful of the decision of the District Court of Appeal in *Guardianship of DeBrath,* 18 Cal.App.2d 697 [64 P.2d 968], in which it was held that a determination of a question of fact in a habeas corpus proceeding was res judicata only in another habeas corpus proceeding. But this decision seems to me entirely unsound. The basis for the doctrine of res judicata is ''the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from

In Freeman on Judgments, *supra*, the author says (p. 1766) : "The principles of public policy requiring the application of the doctrines of estoppel to judicial proceedings, in order to secure the repose of society, are as imperatively demanded in the cases of private individuals contesting private rights under the form of proceedings in habeas corpus as if the litigation were conducted in any other form. . . . 'The question of the custody of a minor child, once properly and finally adjudicated, whether in a habeas corpus proceeding or otherwise, is settled for all time, unless there be an appeal, and the judgment rendered is impregnable as against a collateral assault.' "

The courts of a majority of the other states of the Union have held that where the writ is used to determine the rights of private parties to the custody of a child an appeal will lie, although an appeal will not lie where the writ is used for its original purpose of determining whether or not a person is illegally deprived of his liberty.

Inasmuch as the proceeding is equitable in nature and as the judgment is a final determination of the rights of the petitioner insofar as it determines any issue of fact, it would seem to necessarily follow that that order is appealable as a final order or judgment under the provisions of section 963 of the Code of Civil Procedure.

I am cognizant of the decision of our Supreme Court in the case of *In re Bruegger*, 204 Cal. 169 [267 P. 101], but I respectfully submit that the reasons given by the court there for its decision that an appeal would not lie from an order denying a parent the right to the custody of his child in a proceeding such as this are not valid and that the question should be reexamined by the Supreme Court and *In re Bruegger* overruled.

The first reason given by the court is that the adjudication is final and res judicata only so long as the facts are the same and the conditions affecting the child's welfare or the parent's right remain unchanged, and the order of the court is therefore but temporary and interlocutory.

But every order affecting the right to custody of a minor child is in the same sense temporary and interlocutory. Every such order is subject to modification or change when there is

again drawing it into controversy" (*Bernhard* v. *Bank of America*, 19 Cal.2d 807, 811 [122 P.2d 892]), and I know of no rule which would make the rule applicable only if the issue were tendered in the same type of action or proceeding as that in which it was first decided.

a change of circumstances affecting either the competency of the person originally awarded custody or the best interests of the child. An award of custody in an interlocutory decree of divorce is subject to modification at any time within the discretion of the court (16 Cal.Jur.2d 557, and cases cited). The removal of a guardian and the appointment of another may be made within the discretion of the court upon the showing of a change of circumstances (24 Cal.Jur.2d 336, 337) ; yet all such orders are appealable. An order removing one guardian and appointing another is expressly made appealable by statute; an order modifying a decree of custody so as to give custody to a person other than the one originally awarded custody is appealable as an order after final judgment; and an order made in a divorce proceeding awarding custody to one of the parties to the exclusion of the other is appealable as a final judgment. Yet these orders are no more final than the order made in this matter denying petitioner the right to the custody of her child.

The second ground stated is that the primary purpose of the writ of habeas corpus when used for the purpose of determining a right to the custody of a minor child is to provide a summary and speedy mode of determining that question; and the court concludes that if the right of appeal were granted, an order made would be suspended by appeal and the proceeding deprived of its efficacy. If this reason ever had validity, it was only in cases where the petition had been granted and the appeal was by the respondent; for if the writ were denied, the petitioning parent would have to await a change in circumstances in order to further assert any right, even though the superior court had erroneously determined that right.

Since the enactment in 1955 of section 949a of the Code of Civil Procedure, this second reason assigned by the court for its decision clearly loses all force, for under that section an appeal will not stay an order of the court granting a coercive writ to the parent which would give her custody of her child.

The court further states that it deems it to be definitely settled that in the absence of legislative action an appeal will not lie in matters of this kind. It cites as establishing this rule *In the Matter of Perkins,* 2 Cal. 424; *Matter of Ring,* 28 Cal. 247; *Matter of Zany,* 164 Cal. 724 [130 P. 710] ; and *Matter of Hughes, supra.* In all of these cases the superior court, in issuing the writ, was acting under its inherent

powers which are confirmed by the Constitution. In none of them was the superior court exercising its equitable powers and trying private rights as to the custody of one not a party to the proceedings, and in none of them was the ruling of that court res judicata as to any issue, and in each of them the petitioner had the right to successive applications in the Appellate Courts. The case is far different where the judgment of the lower court is res judicata and precludes a retrial of the issues of fact upon an application to the appellate court.

I recognize that the Supreme Court has repeatedly, in keeping with its decisions that an appeal does not lie in habeas corpus proceedings, held that it does not have power to grant a hearing after a decision by the District Court of Appeal either granting or denying a writ of habeas corpus, but in each of the decisions in which it is so held the writ was sought solely to determine the right of the People to deprive a person of his liberty, and in none of them did the court have before it the question as to whether it might grant a hearing where the purpose of the writ was to try in the appellate court the private rights of the parties as to the custody of a child not a party to the proceedings.

I would discharge the writ.